JOHN ELDRIDGE V. STATE.

No. 26,521. October 21, 1953.

*Martin and Martin,* by *Howard L. Martin,* Wichita Falls, for appellant.

*George W. Anderson, Jr.*, District Attorney, Wichita Falls, and *Wesley Dice*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is robbery; the punishment, five years.

Shortly after appellant's arrest, he made application for a writ of habeas corpus. At this hearing the injured party testified that he was the robber. No other witness testified at such hearing, though there were others present when the crime was committed.

When the case was called for trial, appellant waived a jury, plead guilty, and, with the consent of the accused and his attorney, the district attorney dictated into the record an agreement that if the prosecuting witness were present that she would identify the appellant as the robber.

Thereafter, appellant filed a motion for new trial, alleging that he was not guilty and that his plea of guilty had been secured by means of persuasion by the district attorney contrary to the terms of Article 501, C. C. P.

At the hearing on the motion, the injured party testified, "I can't say positively he is the one." The other witnesses who were present when the crime was committed testified that the appellant was not the robber.

At the time of the entry of the plea of guilty the appellant was under a suspended sentence for another offense.

The district attorney, testifying on the motion for new trial relating to his conversation with the accused prior to the plea of guilty, said:

"A. . . . And I told him that I would recommend to the Court that he receive the minimum sentence of five years and that I would—I don't remember if I told him definitely that I would not try to get the suspended sentence revoked, but I—I gave him that impression, I'm sure.

". . . .

"Q. You told him that you wouldn't revoke his suspended sentence, isn't that right? A. Yes sir."

Article 779, C. C. P., reads, in part, as follows:

"Upon the final conviction of the defendant of any other felony, pending the suspension of sentence, the court granting such suspension *shall* cause a capias to issue for the arrest of the defendant if he is not then in the custody of such court, and during a term of the court, *shall* pronounce sentence upon the original judgment of conviction, and *shall* cumulate the punishment of the first with the punishment of any subsequent conviction or convictions . . . ." (Italics ours.)

It thus appears that the district attorney made a promise to the accused which lead him to believe that he would receive an overall punishment less than the minimum fixed by law.

We have concluded that the learned trial judge fell into error when he refused to grant appellant's motion for new trial.

The judgment is reversed and the cause remanded.