EX PARTE JOHN F. HOUSE

No. 27,477. March 2, 1955
Relator's Motion for Rehearing Denied
(Without Written Opinion) April 13, 1955

*Harris E. Lofthus,* Amarillo, for relator.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

This is a habeas corpus proceeding filed in the 47th Judicial District Court of Potter County in which relator seeks his release from custody of the sheriff of said county.

The trial judge, after granting the writ and hearing evidence on relator's application, entered his order pursuant to Article 119, Vernon's Ann. C.C.P., certifying the proceedings to this court and remanding relator to the custody of the sheriff pending final disposition thereof.

· The facts, as certified, reflect that on July 9, 1947, relator was convicted in the 47th Judicial District Court of Potter County in Cause No. 7653 of the offense of burglary and assessed a three-years' suspended sentence and on such date released upon his own personal recognizance.

Subsequent to such conviction, on August 5, 1949, relator was finally convicted of a felony offense in the United States District Court for the Western District of Missouri and assessed punishment of two-years' confinement in the penitentiary.

On August 12, 1949, an order was entered in Cause No. 7653 revoking the suspension of sentence granted relator on July 9, 1947, because of relator's federal court conviction. Such order reflects that relator was present and before the court and provided, "and that sentence shall be pronounced herein according to law," and the record shows that sentence was not pronounced on such date, but was on December 29, 1954, pronounced and entered nunc pro tunc as of July 9, 1947.

Relator testified that he began serving the two-year federal court sentence on August 5, 1949; that while serving the sentence, he was convicted and sentenced in Oklahoma to serve five years in the federal prison cumulative with the two-year sentence that he was then serving, and that he served both sentences in the federal penitentiary and was released on December 2, 1954. Relator further testified that he finished serving the two-year sentence about May 24, 1951, and on such date began serving the five-year sentence.

On December 6, 1954, relator was arrested in Leavenworth, Kansas, and returned to Potter County, Texas, by a deputy sheriff under an alias capias issued in Cause No. 7653 on August 12, 1949.

Relator contends that he has fully served the three-year sentence by reason of his confinement in the federal penitentiary.

Relator's state sentence was pronounced under the authority of Article 779, Vernon's Ann. C.C.P. This statute, in placing the duty upon the court which has granted a suspension of sentence to pronounce sentence upon the original judgment of conviction, after a subsequent final conviction of the defendant of another felony, provides in part:

"* *. * and shall cumulate the punishment of the first with the punishment of any subsequent conviction or convictions."

The provisions of this statute are clearly mandatory that the punishment of the first conviction shall be cumulative with the punishment assessed in any subsequent conviction which forms the basis of the revocation.

It is the rule that two or more sentences may not be construed as concurrent where the legislative policy, as reflected in applicable statutes, precludes such a construction. 24 Corpus Juris Secundum, p. 1238, sec. 1996; State v. Harris, 81 S.W. (2) 319, 336 Mo. 737, and Ex parte Shull, 146 Pac. (2d) .417, 23 Cal. (2) 745.

Applying this rule of construction to the court's order revoking the suspension of sentence and imposition of sentence thereunder, in the light of the mandatory provision of Art. 779, supra, we conclude that the three-year state sentence was cumulative of the two-year federal sentence and that the two sentences were not served concurrently because of the failure of the court to direct that the same be cumulative.

Relator is not entitled to credit for the time he served in the federal penitentiary in discharge of the subsequent five-year conviction assessed against him after the suspended sentence had been revoked.

It is the rule in this state that a prisoner who, after conviction and while serving a sentence in the penitentiary, is convicted of a federal offense and serves the sentence imposed on him, is not entitled to credit on the state sentence for the time served in the federal prison in discharge of the federal sentence. Ex parte Spears, 154 Texas Cr. R. 112, 235 S.W. 2d 917; also 236 S.W. 2d 968, on second motion for rehearing.

The same rule has been applied to the time served under a conviction in a federal court during the time a state prisoner's conditional pardon has been revoked. Ex parte Sanderson, 153 Texas Cr. R. 226, 219 S.W. 2d 462.

Such rules and principles are equally applicable to relator's confinement in the federal penitentiary as shown by the record in this case.

The trial court, having failed to pronounce sentence at the

time relator's suspension of sentence was revoked, was authorized under Art. 772, Vernon's Ann. C.C.P., to subsequently pronounce sentence under the judgment of conviction and order revoking the suspension of sentence.

The relief prayed for by the writ of habeas corpus is denied.

Opinion approved by the Court.