## LOUIE D. YOUNG, JR. v. STATE

No. 28,063. January 11, 1956

*Piranio, Piranio & Ballowe,* by *Angelo Piranio,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *William F. Alexander* and *George P. Blackburn,* Assistants Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge

The sole question before us on this appeal is whether or not the trial court was authorized under the facts to pronounce the sentence which had previously been suspended.

On July 20, 1951, in Cause No. 142-AB in Criminal District Court No. 2 of Dallas County, appellant having waived a jury and entered a plea of guilty, was assessed a term of five years in the penitentiary for burglary and it was ordered that the sentence be suspended during his good behavior.

On June 28, 1955, which was during the term of such suspension, a motion was filed in said court by the district attorney alleging that appellant had been convicted on January 16, 1952, in the criminal district court of Dallas County, of the offense of burglary and praying that the sentence previously suspended be pronounced and cumulated with the sentence of January 16, 1952.

Appellant resisted the motion and at the hearing sought to show that he entered a plea of guilty in the conviction of January 16, 1952, relying upon an agreement with the assistant district attorney in charge of the prosecution of such case that the suspended sentence he was under would not be revoked.

Appellant has served the sentence pronounced on January 16, 1952, which was the basis for the revocation of the suspension of the sentence of July 20, 1951, and insists that under the agreement with the assistant district attorney it should be held that he has served the sentence originally suspended.

Art. 779 V.A.C.C.P. provides that upon final conviction of the defendant for any other felony, pending the suspension of sentence, the court granting such suspension shall pronounce sentence upon the original judgment of conviction and shall cumulate the punishment of the first with the punishment of any subsequent conviction or convictions. These provisions are mandatory. Eldridge v. State, 159 Tex. Cr.R. 79, 261 S.W. 2d 579; Ex Parte House, 161 Tex. Cr. Rep. 368, 276 S.W. 2d 846.

There is no suggestion in this record that the court was a party to any agreement which would have permitted the judgment of July 1951 to be satisfied or served concurrently with the sentence of January 1952. But if such an agreement had been made, it would be in violation of the mandatory provision

of Art. 779 V.A.C.C.P. which provides that the judge shall cumulate the punishment of the first with any subsequent conviction or convictions.

A subsequent conviction for a felony being shown, the trial court did not err in pronouncing sentence upon the original felony conviction and ordering that it be cumulated with the punishment of the subsequent conviction.

The judgment is affirmed.