R. F. CARNESI V. STATE

No. 29,823. May 21, 1958.

*Peter Briola*, San Antonio, for appellant.

*Hubert W. Green, Jr.*, Criminal District Attorney, *Preston H. Dial, Jr.*, and *John Green Murray*, Assistants Criminal District Attorney, San Antonio, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The appellant plead guilty to the offense of unlawfully practicing medicine, and his punishment was assessed at one day in jail and a fine of $200.00. Motion for new trial was filed in which appellant alleged that he was not guilty and had been deprived of the advice of counsel of his own choosing, was not informed of his right to have two days in which to prepare for trial, and was not advised of his right to a trial by jury.

A record of the hearing on said motion is before us. All the officers with whom the appellant testified he came in contact on the day he plead guilty appeared at the hearing and denied the allegations in the motion. The undisputed evidence reveals that a complaint was filed against the appellant in the morning of December 2, a warrant of arrest and a search warrant for appellant's office were issued, and Deputy Sheriff Posey, accompanied by Assistant Criminal District Attorney Gutierrez, presented themselves at appellant's office, placed him under arrest and searched his office. Quite some time was consumed in classifying various medicines and vitamins found there, and the aid of an investigator for the State Board of Pharmacy was enlisted. Later in the evening the appellant was carried to the district attorney's office and from there before the County Court at Law, where he entered a plea of guilty to the information there

pending. Following this, the appellant again went to the district attorney's office, where he signed an answer admitting as true the allegations in a petition filed by the State Board of Medical Examiners in which they prayed for a permanent injunction restraining him from practicing medicine.

At the hearing, the appellant produced no evidence indicating his innocence other than his denial that he had treated the party named in the information. His testimony that he was refused permission to call an attorney was refuted by the officers, who stated that the appellant talked over the telephone on several occasions but did not mention wanting to call an attorney. His testimony that he was not advised of his right to two days in which to prepare for trial or to a trial by jury was refuted by the court, the bailiff and others in attendance at the time he entered his plea of guilty.

Since the trial court's order denying the motion for new trial is amply supported by testimony, no abuse of discretion is shown.

Eldridge v. State, 159 Texas Cr. Rep. 79, 261 S.W. 2d 579, and Patterson v. State, 156 Texas Cr. Rep. 489, 244 S.W. 2d 217, relied upon by appellant, are not authority here, because in Eldridge a serious question as to the guilt of the accused was raised at the hearing on the motion and the undisputed evidence revealed that the accused was misled as to the punishment he would receive, while in Patterson the bill of exception certified that the accused was deprived of his right to advise with counsel and we held that this court was bound by the certificate in the bill.

The judgment is affirmed.