EX PARTE JAMES LEE TUCKER.

No. 30,972. June 27, 1959.

Relator represented himself.

*Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

Relator, an inmate of the penitentiary, seeks release by writ of habeas corpus alleging that he has served the sentence against him. From the record, we learn the following:

On November 17, 1955, relator plead guilty to a felony in the Criminal District Court of Jefferson County, was sentenced to three years, but the execution of such sentence was suspended, and relator was placed on probation. Subsequently, on September 13, 1956, relator plead guilty in the district court of Orange County and was sentenced to five years. Following this, on September 18, 1956, the Criminal District Court of Jefferson County revoked the relator's probation and attempted to cumulate the sentence with the Orange County sentence.

It is this order of cumulation which relator attacks and claims the right to be released *because he has served in excess of five years.*

Recently, in Ex parte Minor, 167 Texas Cr. Rep. 170, 319 S.W. 2d 114, we were presented with an identical question and there held that, since the convict had been sentenced in the prior case, the court was powerless to alter the terms of such sentence and make it cumulative after the expiration of the term of court at which it was imposed.

Minor is here controlling; the writ of habeas corpus is granted, and the relator is ordered discharged.