### EX PARTE SAMMY J. DOWNEY

No. 34,038.   October 11, 1961

Relator represented himself.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge,

Relator, an inmate of the penitentiary, seeks his release by writ of habeas corpus alleging that he has served the sentences against him. From the record we learn the following:

On August 6, 1956, relator was convicted in the 47th District Court of Potter County in Cause No. 9734 for the felony offense of driving while intoxicated and was sentenced to five years, but the execution of such sentence was probated and relator was placed on probation. Subsequently, on May 5, 1958, relator was convicted of a felony in Cause No. 695 in the District Court of Ochiltree County and sentenced to four years and six months. Thereafter, on January 22, 1959, the district court of Potter County entered an order revoking probation in Cause No. 9734 and ordered that such sentence should commence after relator had served the term in Cause No. 695. It is this order which relator attacks and claims the right to be released because he has served in excess of four years and six months.

We are not dealing with a case in which the imposition of sentence was suspended, but here we have a case in which a man was sentenced on August 6, 1956, and then after revocation was re-sentenced on January 22, 1959, in the same case.

After the expiration of the 1956 term of court, the trial court could not add further conditions to such sentence which were not, and under the facts could not have been, a part of the sentence at the time it was imposed.

Ex parte Minor, 169 Tex. Cr. Rep. 170, 319 S.W. 2d 114, presents an identical situation and requires that the writ of habeas corpus be granted and relator ordered discharged.

It is so ordered.