**Ex parte Vesta RUTHERFORD.**

**No. 33616.**

Court of Criminal Appeals of Texas.

June 21, 1961.

On Rehearing Oct. 11, 1961.

Relator represented himself; no attorney for relator on rehearing.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

This is an application for habeas corpus attacking the validity of the provision of a sentence which attempts to cumulate and cause it to begin at the expiration of another sentence against the applicant.

Applicant was sentenced to a term of 2 to 5 years on February 28, 1957, in Cause No. 9805, in the 47th District Court of Potter County. Execution of the sentence was suspended and probation was granted.

On January 22, 1959, the court, after hearing, entered its order revoking probation and ordered applicant to serve the 2 to 5 year sentence, and provided: "said sentence to commence after Defendant has completed serving the term imposed by judgment and sentence in the 99th District Court of Lubbock Co. Texas, Cause No. 6640, on July 28, 1958."

We agree with applicant's contention that the cumulation provision is ineffective, sentence having been pronounced February 28, 1957, and the cumulation provision added on January 22, 1959. See Ex parte Scott, Tex.Cr.App., 328 S.W.2d 190, and cases cited.

When applicant has credit for 5 years on the sentence mentioned from and after January 22, 1959, he will be entitled to discharge.

From the record furnished, it appears that applicant will not have such credit before the adjournment of the present term of this court.

Applicant's present confinement being lawful, we have no alternative but to deny his application.

The application for habeas corpus is denied.

On Motion for Rehearing

BELCHER, Commissioner.

The relator has now shown, by certificate from the Texas Department of Corrections, that he has credit for time in excess of 5 years on the sentence of January 22, 1959. In accordance with the original opinion, he is now entitled to the relief sought.

Therefore, the motion is granted, and the relator is ordered discharged.

Opinion approved by the Court.