**John Clayton WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 34881.**

Court of Criminal Appeals of Texas.

Nov. 7, 1962.

Rehearing Denied Jan. 9, 1963.

Second Rehearing Denied Feb. 13, 1963.

No attorney of record on appeal for appellant. John J. Pichinson, Wm. Brode Mobley, Jr., Corpus Christi, on rehearing only.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is burglary with intent to commit theft, with two prior offenses of felonies less than capital alleged for enhancement purposes; the punishment, life.

The injured party, Adolph Skrobarcyzk, testified that he owned a cafe and an adjoining garage in Corpus Christi; that appellant was in his cafe around 7 or 8 at night on October 30, 1960; that he wanted

the keys to his (the witness's) garage; that later they went to the garage and appellant tried to sharpen a tire tool; that the injured party sharpened it for him; that appellant had been drinking; that he (the witness) took the license number of the automobile appellant was driving; that the next morning the witness found the garage building had been broken into; that the hasp on the door was broken and that some oxygen tanks and acetylene tanks and torches and other items were missing; that later the officers returned the acetylene tanks and torch; that they were his items; that some paint was knocked off the tanks.

The officers testified that a crowbar was in the garage, with a "W" on it. The evidence further reflects that around 6 o'clock the following morning appellant was asleep in a car that belonged to his mother, at 610 Roberts Drive in Corpus Christi; that Dr. Cleopatra Adelaide Towne resided at that address; that after appellant left, Dr. Towne called the police; that there were acetylene tanks by the car which were not there before appellant was and that they were removed from the premises by the officers. It was shown that appellant's mother owned the car; that paint scrapings were taken off the bumper of the car that had the same composition and color as the tanks from the garage.

The indictments, judgments, and sentences of the two prior convictions for theft and burglary were introduced, along with fingerprints. The fingerprints were examined and known fingerprints of the appellant were examined and, in the opinion of an officer, they were those of one and the same person.

Appellant did not testify nor offer any testimony.

No exceptions nor objections were taken to the court's charge.

The court charged fully on the law of circumstantial evidence, and in our judgment protected all the rights of the appellant.

No brief has been filed on behalf of appellant.

There are no formal bills of exception, and the few informal bills of exception reflect no error.

It is the position of the state that the evidence is sufficient to support the conviction, since the property missing from the garage was found where appellant was in his car, asleep, early the next morning; the crowbar with a "W" on it was in the garage; and the paint from the bumper of the car appellant was driving was the same texture and composition as that on the tanks.

■ We find the evidence sufficient to sustain the verdict of the jury.

In Bernadett v. State, 166 Tex.Cr.R. 621, 317 S.W.2d 747, we held that evidence of defendant's unexplained possession of some property recently stolen from a burglarized house was sufficient to sustain the jury's verdict finding him guilty of burglary.

Finding no error, the judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Commissioner.

■ The appellant complains of the delay in the filing of the transcript in this court. It appears from the record that sentence was pronounced and notice of appeal given on June 14, 1961, and the transcript was filed in this court on June 28, 1962. Delay in the filing of a transcript in this court may be in violation of the duty imposed upon the clerk of the district court by statute. Arts. 822, 841, 842, 843 and 844, C.C.P. These statutory requirements should be strictly observed. Art. 419, P.C.; 5 Tex.Jur.2d 505–508, Secs. 305–307; 12 Tex.Jur.2d 156–157. The delay in forwarding the transcript would not however warrant the reversal of the conviction.

Complaint is made of portions of the summary of the facts in the original opinion

wherein it states "that appellant had been drinking" instead of that "he looked like he'd had a few beers before he ever came in the place (bar)", as shown by the testimony; and "that there were acetylene tanks by the car which were not there before appellant was, and that they were removed from the premises by officers" when the testimony shows that the tanks were not by the car which was in the driveway but by the door of the carport. These variances alone as shown could not warrant a different conclusion as to the commission of the primary offense charged.

It is strenuously urged that the evidence is insufficient to support the conviction. The evidence has been re-examined in the light of appellant's contentions and it is concluded that the facts and circumstances in evidence are sufficient to sustain the jury's finding that the appellant is guilty as charged.

The motion for rehearing is overruled.

Opinion approved by the Court.