**Ex parte Bony Valdez HERNANDEZ.**

**No. 35550.**

Court of Criminal Appeals of Texas.

Feb. 13, 1963.

Robert C. Benavides, Dallas, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

Relator, an inmate of the penitentiary, seeks his release by writ of habeas corpus, alleging that he has served the sentences against him. From the record, we learn the following:

On February 1, 1957, relator was convicted in the Criminal District Court of Dallas County in Cause No. C–614–H for the felony offense of burglary of a private residence at night and was sentenced to five years; the execution of such sentence was suspended and relator was placed on probation. Subsequently, on February 15, 1960, relator was convicted in Cause No. C–8481–H, again in Criminal District Court of Dallas County, of murder without malice and sentenced to five years. On the same day, the trial court entered an order revoking probation in Cause No.

C–614–H, and made the same cumulative of the sentence in Cause No. C–8481–H.

It is this order of cumulation which relator attacks and furnishes this Court with a certificate from the Department of Corrections stating that he now has credit for five years.

We are not dealing with a case in which the *imposition* of sentence was suspended, but here we have a case in which a man was sentenced on February 1, 1957, and then after revocation was re-sentenced on February 15, 1960, in the same case.

When the term of court adjourned at which the 1957 sentence was imposed, the trial court could not thereafter add further conditions to such sentence which were not and, under the facts, could not have been a part of such sentence at the time it was imposed. Ex parte Downey, Tex.Cr.App., 350 S.W.2d 20; Ex parte Rutherford, Tex.Cr.App., 350 S.W.2d 31; Ex parte Scott, 168 Tex.Cr.R. 353, 328 S.W.2d 190; and Ex parte Minor, 167 Tex.Cr.R. 170, 319 S.W.2d 114.

The writ is granted, and relator is ordered discharged.