Ex parte Tommy Gene GREEN.

No. 36568.

Court of Criminal Appeals of Texas.

Feb. 12, 1964.

Andrew Z. Baker, Galveston, for relator.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

Relator, an inmate of the penitentiary, seeks his release by writ of habeas corpus alleging that he has served the sentence against him.

Relator's application for the writ of habeas corpus was filed in the 122nd District Court of Galveston County on August 26, 1963, hearing was held by that Court on November 8, 1963, and petition for the writ was granted, the facts set forth in the petition were found to be true, and the writ and statement of facts adduced at the hearing have been returned to this Court pursuant to Article 119 Vernon's Ann.C.C.P.

Applicant was sentenced to a term of 2 to 5 years for felony theft on June 28, 1960, in the 122nd Judicial District Court of Galveston County in Cause No. 28,483. Execution of the sentence was suspended and probation was granted. Later, on October 13, 1960, in the 36th Judicial District Court of San Patricio County he was convicted of burglary and sentenced to the state penitentiary for not less than 2 nor more than 5 years, in Cause No. 2784, which sentence was to commence July 12, 1960. On April 11, 1961, the 122nd District Court of Galveston County revoked the probation accorded relator in Cause No. 28,483 on June 28, 1960 and sentenced relator to serve not less than 2 nor more than 5 years in the state penitentiary, such sentence to begin when the sentence in the 36th Judicial District Court of San Patricio County, Cause No. 2784, shall have ceased to operate.

We agree that applicant's contention that the cumulation provision is ineffective, sentence having been pronounced June 28, 1960, and the cumulation provision added on April 11, 1961. The imposition of sentence was not suspended. He was sentenced in the first instance on June 28, 1960, and it was the execution of the sentence that was suspended and relator placed on probation. He could not then be re-sentenced on April 11, 1961, in the same case, after his probated sentence had been revoked.

The record contains a certificate from the Department of Corrections stating that relator now has credit for five years.

When the term of court adjourned at which the 1960 sentence was imposed, the trial court could not thereafter add further conditions to such sentence which were not and, under the facts, could not have been a part of such sentence at the time it was imposed. Ex parte Hernandez, Tex.Cr. App., 364 S.W.2d 688; Ex parte Downey, 171 Tex.Cr.R. 296, 350 S.W.2d 20; Ex parte Rutherford, 171 Tex.Cr.R. 302, 350 S.W.2d 31; Ex parte Minor, 167 Tex.Cr.R. 170, 319 S.W.2d 114.

The writ is granted, and relator is ordered discharged.