**Ex parte Johnny CRAWFORD.**

**No. 36989.**

Court of Criminal Appeals of Texas.

June 3, 1964.

————◆————

Johnny Crawford, relator pro se.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

This is an original application for writ of habeas corpus wherein relator attacks as void the conviction under which he is confined in the state penitentiary.

Relator was convicted of the offense of assault with intent to rob in Cause No. 51,-290 on January 27, 1950, and received a four year sentence which was probated. On January 2, 1951, said probation was revoked.

The record reflects that although relator was represented by counsel during the trial of said cause, he was *not* so represented during the proceedings revoking his probation on January 2, 1951. Subsequent to his conviction in Cause No. 51,290, relator was convicted in Cause No. 53,953 of the offense of robbery by assault and with the above prior conviction used for enhancement purposes, received a life sentence.

The contention is made that since relator did not have counsel when his probation was revoked, the conviction could not be properly used for enhancement purposes. In concluding that the enhancement was proper, we refer to the language in Wilson v. State, 156 Tex.Cr.R. 228, 240 S.W.2d 774, where it was stated:

"* * * the proceeding to revoke probation is not a trial, as that term is used and contemplated by the Constitution in reference to criminal cases, and is not a proceeding required to be conducted as such a trial.

"Appellant was not, therefore, entitled to a jury trial upon the issue as to whether he had violated the terms of probation or whether the probation should be revoked."

Following the above reasoning, it also follows that appellant, in the instant case, was not entitled to an appointed counsel during the proceedings to revoke his probation.

In so concluding, we point out that a valid judgment and probated sentence were rendered against relator on the 27th of January, 1950, and no appeal was made therefrom. When the probation was revoked, an attack could no longer be made upon the merits of the conviction. Gossett v. State, 162 Tex.Cr.R. 52, 282 S.W.2d 59; Ex parte Sistrunk, 171 Tex.Cr.R. 336, 349 S.W.2d 728; Ex parte Clark, 164 Tex.Cr. R. 385, 299 S.W.2d 128. In Gossett v. State, supra, it was held that under Art. 781b, Vernon's Ann.C.C.P., when judgment had been pronounced and sentence suspended, this is "a conviction" from which an appeal could be taken, even though sentence had not been pronounced.

When a prior offense is used for enhancement purposes, it is but a historical fact to show the persistence of the accused,

and a guide for the court or jury in affixing the punishment in the event of a present conviction. Sigler v. State, 143 Tex. Cr.R. 220, 157 S.W.2d 903; 16 Tex.Jur. 2, Sec. 403.

The relief prayed for is denied.