### Ex parte Gene Lee O'CONNOR.

### No. 39041.

Court of Criminal Appeals of Texas.

Oct. 27, 1965.

ed on March 5, 1964, is therefore void, and the sentences must run concurrently. Ex Parte Rutherford, 171 Tex.Cr.R. 302, 350 S.W.2d 31; Ex Parte Scott, 168 Tex.Cr.R. 353, 328 S.W.2d 190, and cases cited.

■ It appears from the record that petitioner has credit for time served in excess of the maximum term of either sentence. The application for writ of habeas corpus is therefore granted, and the petitioner is ordered released from custody under the sentences herein.

———◆———

Gene Lee O'Connor, pro se.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

Petitioner, an inmate of the Texas State Penitentiary, seeks his release by writ of habeas corpus alleging that he has served the sentences against him.

On November 20, 1963, petitioner was convicted in the Criminal District Court of Tarrant County, in Cause No. 68,669, of the offense of burglary and was sentenced to two years. The execution of this sentence was suspended and petitioner was placed on probation. Subsequently, on February 21, 1964, petitioner was convicted in the 30th District Court of Wichita County, in Cause No. 12,355A, of the offense of burglary and was sentenced to two years. On March 5, 1964, in Criminal District Court of Tarrant County, probation was revoked in Cause No. 68,669 and petitioner was ordered to serve the two-year sentence previously imposed, and this sentence was made cumulative of the sentence in Cause No. 12,355A.

■ When the term of court adjourned at which the 1963 sentence was imposed, the trial court lost all power to increase that sentence, and the cumulation provision add-