**Ex parte John Clayton WILLIAMS.**

**No. 40239.**

Court of Criminal Appeals of Texas.

April 5, 1967.

Rehearing Denied May 17, 1967.

Wm. Brode Mobley, Jr., Corpus Christi, for relator.

Sam L. Jones, Dist. Atty., W. DeWitt Alsup, Asst. Dist. Atty., Corpus Christi, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

Relator, an inmate of the Department of Corrections, made application to the 105th Judicial District Court for writ of habeas corpus alleging that he is illegally restrained by virtue of a conviction in cause # 10822 in said court, which resulted in a conviction for the offense of burglary with two prior felony convictions alleged for enhancement in which his punishment was assessed at confinement for life. Relator's conviction was appealed to this Court, and the same was affirmed. Williams v. State, Tex.Cr. App., 364 S.W.2d 403.

He bases his attack upon the following contentions:

1. He first contends that his prior conviction in cause # 8015 in the 107th Judicial District Court of Cameron County, which was one of the convictions alleged for enhancement, was void because, though represented by court appointed counsel at the time probation was granted upon his plea of guilty in said cause, he was not represented by counsel at the time of the revocation of such probation in 1952.

2. Secondly, he contends that his prior conviction in cause # 1947 in the District Court of Hutchinson County, the other conviction alleged for enhancement, was void because, though represented by court appointed counsel at the time of the entry of his plea of guilty and the entry of a judgment finding him guilty on February 7, 1956, he was not represented by counsel at the time he was sentenced in said cause on February 10, 1956.

The Honorable J. D. Todd, Judge of said 105th Judicial District held a hearing, granted the writ and has certified the facts to this Court. As to his Cameron County conviction, relator testified at the hearing before Judge Todd that though represented by the Honorable Daniel Rentfro at the time he entered his plea of guilty and was

granted probation in 1951, he was not represented by counsel at the time of the revocation of probation in 1952. In 1964, this Court held in Ex parte Crawford, 379 S.W.2d 663, that judgment was not void because his probation, in a prior case used to enhance, had been revoked without probationer's having the assistance of counsel.

■ Article 42.12, Vernon's Ann.C.C.P., which became effective January 1, 1966, providing for the appointment of counsel at the time probation is sought to be revoked, is not retroactive. See Article 1.02, V.A.C.C.P. The holding in Ex parte Crawford, supra, still applies to hearings on motions to revoke probation held prior to January 1, 1966.

■ We hold that relator's Cameron County conviction is not void, and since relator does not have sufficient credit for time in the Department of Corrections to have served 12 years, which is the punishment set by Article 1397, Vernon's Ann.P.C., and Article 62, V.A.P.C. for the conviction in cause # 10822 in Nueces County enhanced by the prior conviction in cause # 8015 in Cameron County, it becomes unnecessary to pass upon the validity of the Hutchinson County conviction. This Court is not authorized to enter a declaratory judgment. State v. Parr, Tex.Cr.App., 293 S.W.2d 62.

■ 3. Relator further contends that the conviction in cause # 10822 from Nueces County is void because of a variance or typographical error in the judgment and the sentence in cause # 8015 from Cameron County, which he alleged were introduced at his Nueces County trial. The copies of the judgment and sentence which were introduced at appellant's Nueces County trial and which are part of the records of this Court fail to reveal any such error or variance.

The relief prayed for is denied.

CONCURRING OPINION

WOODLEY, Presiding Judge.

I concur in the denial of the relief prayed for, but not with that part of the opinion which assumes that the provisions of Section 3a of Art. 42.12 V.A.C.C.P., if retroactive, would require that relief be granted.