**Ex parte Billy Wayne McCARTER.**

**No. 40352.**

Court of Criminal Appeals of Texas.

April 26, 1967.

Rehearing Denied May 31, 1967.

W. T. Bennett, Huntsville, for petitioner.

Howard M. Fender, Asst. Atty. Gen., Austin, Gus L. Lanier, Dist. Atty., Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

This is a habeas corpus proceeding under Art. 11.07, Vernon's Ann.C.C.P.

The evidence heard by the trial judge on the hearing of relator's application for the writ was as follows:

On July 6, 1953, in the Criminal District Court of Dallas County, relator, having waived a trial by jury and entered a plea of guilty, was assessed a term of five years in the penitentiary for felony theft and it was ordered that the sentence be suspended during good behavior.

On September 2, 1955, the relator waived a jury and entered pleas of guilty in the Criminal District Court of Dallas County in each of two cases of felony theft and was assessed a term of three years in the penitentiary in each case. These sentences were served concurrently, and from each he was discharged on September 9, 1957.

On December 6, 1957, the relator waived a jury and entered pleas of guilty in the Criminal District Court of Dallas County in two cases: one for the offense of assault with intent to commit rape and the other for burglary, subsequent offense. In each case the relator was assessed a term of twelve years. A certificate of the Records Division of the Texas Department of Corrections shows that these two sentences were served and he was discharged therefrom on February 9, 1967. The relator is currently confined because of the revocation of a suspended sentence.

On January 7, 1958, which was during the term of the suspension of the five-year sentence granted the relator on July 6, 1953, a hearing was had on the state's motion to have it revoked. After said hearing, the court entered an order setting aside the suspended sentence granted in 1953, pronounced sentence upon him in said cause, and ordered it cumulated with the twelve-year sentence pronounced against him on

December 6, 1957, for the offense of burglary, subsequent offense.

The relator insists that the Criminal District Court of Dallas County had no authority in 1958 to revoke the suspended sentence granted him in 1953, on the ground that he had served two concurrent sentences for felonies between 1953 and 1958.

Art. 779, V.A.C.C.P., provided that upon final conviction of a defendant for any other felony, pending the suspension of sentence, the court granting such suspension shall pronounce sentence upon the original judgment of conviction and shall cumulate the punishment of the first with the punishment of any subsequent conviction or convictions. The provisions of this statute were mandatory. Eldridge v. State, 159 Tex.Cr.R. 79, 261 S.W.2d 579; Ex parte House, 161 Tex.Cr.R. 368, 276 S.W.2d 846; Young v. State, 162 Tex.Cr.R. 382, 285 S.W.2d 748. This contention is overruled.

For discharge, the relator also relies upon the ground that he was denied counsel at the hearing by the trial court to revoke his suspended sentence.

While testifying on the motion to revoke in the same court that granted his suspended sentence, the relator admitted that he had counsel of his selection in the 1953 conviction when his sentence was suspended; that at the hearing on January 7, 1958, he requested counsel and also asked the trial judge to let him contact an attorney, but the judge declined.

In Ex parte Crawford, 379 S.W.2d 663 (1964), this court held that the judgment was not void because the probation, in a prior case used for enhancement, had been revoked without the probationer having the assistance of counsel.

The provisions of Art. 42.12, C.C.P., which became effective January 1, 1966, relating to the appointment of counsel when probation is sought to be revoked, is not retroactive. See: Art. 1.02, C.C.P., and Ex parte Williams, Tex.Cr.App., April 5, 1967, 414 S.W.2d 472.

No error is presented. The relief is denied.

## ON MOTION FOR REHEARING

ONION, Judge.

In his motion for re-hearing, relator contends that this Court failed to make a distinction between a suspension of the execution of a sentence and the suspension of the imposition of a sentence with regard to his 1953 suspended sentence.

He points out that when he was given a suspended sentence in 1953 for felony theft in the Criminal District Court of Dallas County, the trial judge then presiding actually imposed sentence, and thereafter suspended the execution of such sentence during the good behavior of the relator.

It is his contention that after the adjournment of the term of court at which such sentence was imposed and execution thereof suspended the trial court was powerless upon revocation of the suspended sentence to alter its terms or make it cumulative with any later sentence. In support of his contention, he cites Ex parte O'Connor, Tex. Cr.App., 394 S.W.2d 815; Ex parte Green, Tex.Cr.App., 375 S.W.2d 312; Ex parte Hernandez, Tex.Cr.App., 364 S.W.2d 688; Ex parte Rutherford, 171 Tex.Cr.R. 302, 350 S.W.2d 31; Ex parte Downey, 171 Tex. Cr.R. 296, 350 S.W.2d 20; Ex parte Scott, 168 Tex.Cr.R. 353, 328 S.W.2d 190; Ex parte Tucker, 168 Tex.Cr.R. 308, 325 S. W.2d 703; Ex parte Minor, 167 Tex.Cr.R. 170, 319 S.W.2d 114.

None of the cases cited pertain to suspended sentences granted under Articles 776–781, C.C.P. (1925). All of the above cited cases were probation cases where sentence was imposed and the execution of the sentence suspended under the provisions of either Article 781b, V.A.C.C.P. (1947) or Article 781d, V.A.C.C.P. (1957). These statutes permitted the trial judge when

granting adult probation to suspend either the imposition or the execution of the sentence. See also Article IV, Section 11A, Texas Constitution. In each of the cases cited by appellant, the trial judge in granting probation had actually imposed sentence and then suspended the execution thereof subject to certain conditions of probation. These cases in effect held that when the trial court chose such method of granting probation it lost, after the adjournment of the court term at which the sentence was imposed, the authority to amend, alter or change the sentence, or to make it cumulative with a later sentence if the probation granted was revoked.

■ These cases had no application where the trial court had chosen the other method of granting probation, that is, the suspension of the imposition of sentence subject to probationary conditions. Under such method sentence is not imposed unless revocation of probation is ordered. Where such method is used, the sentence imposed following revocation can be made cumulative with other outstanding sentences. It is observed that Article 42.12, Sections 1 and 3, of the 1965 Code of Criminal Procedure, now provides only for the suspension of the imposition of the sentence when probation is granted.

The Legislature did not intend either Article 781b, supra, or its successor, Article 781d, supra, to be construed as additional powers and duties granted in connection with the then existing Suspended Sentence Law. Articles 776–781, C.C.P. (1925). Ex parte Pittman, 157 Tex.Cr.R. 301, 248 S.W.2d 159.

In extending clemency in 1953 to relator, it is obvious that the trial court proceeded under the provisions of the Suspended Sentence Law, supra, rather than the Adult Probation Law (Article 781b), then in effect.

It is clear from reading Articles 776–781, supra, (the Suspended Sentence Law) that where the sentence was suspended pursuant thereto that no sentence was to be imposed. Article 778, supra, provided that where the sentence was suspended, the judgment entered would not become final except as provided in Article 779, supra. Section 1 of Article 779, supra, provided that upon revocation of the suspended sentence as a result of a final conviction of any other felony the Court shall pronounce sentence upon the original judgment of conviction and shall cumulate the punishment assessed with any subsequent conviction or convictions. The provisions of this Article were held to be mandatory. Young v. State, 162 Tex.Cr.R. 382, 285 S.W.2d 748.

From the foregoing it is seen that a trial judge in granting clemency pursuant to the Suspended Sentence Law could not properly impose a sentence and then suspend its execution.

It appears from the record that in 1953 the Judge of the Criminal District Court of Dallas County actually imposed sentence upon relator and then added to such sentence the words: "Sentence suspended during the good behavior of the Defendant. Defendant sentenced and placed under recognizance in the amount of $1,000.00."

■ It is obvious that the trial court clearly intended to give to the relator the benefits of the suspended sentence law which he had the power to do. The fact that in doing so, he took an additional and unauthorized step in imposing sentence did not prevent the trial judge in 1958 from legally pronouncing sentence against relator following revocation of the suspended sentence and cumulating it with the 1957 felony conviction in accordance with Article 779, supra.

It is noted that the Suspended Sentence Law has been repealed by the 1965 Code of Criminal Procedure.

While the point is not raised again on rehearing, it is observed that the sentence entered on January 7, 1958, following revoca-

tion of the suspended sentence on the same day states that relator's counsel was present at the time of such sentence.

Relator's Motion for Re-hearing is over-ruled.