Samuel J. ANDERSON, Sr., Appellant,

v.

The STATE of Texas, Appellee.

No. 40963.

Court of Criminal Appeals of Texas.

Dec. 6, 1967.

R. J. Balch, Seymour, for appellant.

Clyde Whiteside, Dist. Atty., Seymour, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an appeal from an order revoking probation.

This appeal must be dismissed for want of a sentence imposed after revocation of probation. See Article 42.04, V.A.C.C.P.[1]

Under the former Article 781d, Sections 1 and 3, V.A.C.C.P., the trial court in granting adult probation was authorized to suspend either the imposition or the execution of the sentence. Cf. Article IV, Section 11A, Texas Constitution, Vernon's Ann.St.

Under such statute (Art. 781d, supra) when the court suspended the imposition of the sentence, no sentence was ever imposed except upon revocation of probation. This procedure was similar to the Suspended Sentence Law, former Articles 776–781, V.A.C.C.P. (now repealed). See also Ex parte McCarter, Tex.Cr.App., 415 S.W.2d 409. Where the court used the other method, the sentence was actually imposed but the execution or carrying out of the sentence was suspended and the defendant released subject to conditions and terms of probation. Upon revocation of probation under this method, the trial court would order that the sentence previously imposed be carried out without the necessity of sentencing the defendant at that time.

The procedure suspending the imposition of the sentence in probation cases entailed less paper work and did not present the same problems on any subsequent cumulation of sentences as the suspension of the

---

1. The exception to the necessity of a sentence on appeal in a probation case contained in such article relates to an appeal at the time probation is granted, Article 42.12, Section 8, V.A.C.C.P., and not to an appeal from a revocation of probation.

execution of the sentence method. See Ex parte McCarter, supra; Ex parte Minor, 167 Tex.Cr.R. 170, 319 S.W.2d 114; Ex parte Tucker, 168 Tex.Cr.R. 308, 325 S.W. 2d 703; Ex parte Scott, 168 Tex.Cr.R. 353, 328 S.W.2d 190; Ex parte Rutherford, 171 Tex.Cr.R. 302, 350 S.W.2d 31; Ex parte Downey, 171 Tex.Cr.R. 296, 350 S.W.2d 20; Ex parte Hernandez, Tex.Cr.App., 364 S.W. 2d 688; Ex parte Green, Tex.Cr.App., 375 S.W.2d 312; Ex parte O'Connor, Tex.Cr. App., 394 S.W.2d 815.

■ Under the provisions of Article 42.12, Sections 1 and 3, 1965 Code of Criminal Procedure, the court, in placing a defendant on adult probation, is authorized only to suspend the imposition of the sentence. The method of suspending the execution of the sentence is no longer available to him.

■ The record reflects that the appellant waived trial by jury and entered a plea of guilty before the court to the offense of felony theft on January 17, 1967, and was assessed punishment of three (3) years confinement in the Texas Department of Corrections. Such trial commenced after the effective date of the 1965 Code of Criminal Procedure. On the same date as the plea of guilty the court entered an order suspending the imposition of the sentence and placing the appellant on probation subject to certain conditions and terms. On this same date it appears the court also actually imposed sentence. Such sentence was a nullity, it being the clear intent of the court to grant the appellant probation. Cf. Ex parte McCarter, supra.

■ The order revoking probation following a hearing was entered on May 5, 1967, and authorized the sentence previously imposed to be carried out as if no probation had been granted.

Such sentence being unauthorized at the time it was imposed, Article 42.12, supra, the court's order that the previously imposed sentence be carried out is of no effect.

No sentence appearing in the record following revocation of probation, the appeal is premature and is dismissed.