Clyde Whiteside, Dist. Atty., Seymour, and Leon B. Douglas, State's Atty., Austin, for the State.

**Samuel J. ANDERSON, Sr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41067.**

Court of Criminal Appeals of Texas.

Feb. 7, 1968.

OPINION

DICE, Judge.

This is an appeal from an order revoking probation.

A prior appeal, in our Cause No. 40,963, was dismissed for want of a sentence imposed after revocation of probation. Anderson v. State, Tex.Cr.App., 421 S.W.2d 667.

Following issuance of mandate, sentence was imposed upon the appellant, to which he duly excepted and gave notice of appeal to this court.

We will dispose of the appeal upon the record presented in the two causes.

On January 17, 1967, appellant was convicted in the District Court of Knox County,

upon his plea of guilty and waiver of trial by jury, of the offense of felony theft and his punishment was assessed at confinement in the Texas Department of Corrections for three years.

Imposition of sentence was suspended by the court and appellant was placed on probation upon certain terms and conditions. Among the conditions imposed was that appellant "(a) Commit no offense against the laws of this State or of any other State or of the United States."

On April 28, 1967, a motion was filed by the state, alleging that appellant had violated the terms and conditions of his probation and praying that the same be revoked.

In the motion it was alleged that:

"* * * on or about the 19th day of April, 1967, [the defendant] did consume alcoholic beverages and was found in a state of intoxication in Hardeman County, Texas, and did on the 27th day of April, 1967, on another occasion consume alcoholic beverages and was found in a state of intoxication and was on both occasions charged with being drunk in a public place."

At the hearing on May 5, 1967, Officer Steve Podrovitz testified that on April 19, 1967, he observed appellant under the influence of intoxicating liquor in a public place in the town of Quanah, Hardeman County, Texas. He further testified that on such date appellant pleaded guilty to the offense of being drunk in a public place and paid a fine in the Corporation Court of the city of Quanah.

The witness Vernie Feemster testified that on April 27, 1967, appellant was in his place of business in Knox City with another person, playing pool. The witness stated that on such occasion appellant was drinking whisky out of a coke bottle, and expressed the opinion that he was under the influence of alcohol.

Sheriff H. C. Stone testified that he observed appellant at the pool hall on April 27, 1967, and expressed his opinion that on such occasion he was under the influence of liquor. The sheriff further testified that appellant, during the "past two months," had not reported to him as his probation officer.

Testifying in his own behalf, appellant admitted the charge of being drunk in Hardeman County, as alleged in the state's motion, but denied being drunk on the occasion of April 27, 1967.

The court, after hearing the evidence, entered his order revoking the probation, upon a finding that appellant had violated the terms and conditions thereof.

Under the record, the court did not abuse his discretion in revoking the probation.

The judgment revoking probation is affirmed.