Ex parte F. M. MARCH.

No. 40999.

Court of Criminal Appeals of Texas.

Feb. 14, 1968.

V. F. Knickerbocker, Vern F. Martin, Midland, for relator.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an original application for Writ of Habeas Corpus brought by applicant seeking his release from the Texas Department of Corrections. He alleges the order cumulating the sentences by virtue of which he is confined is insufficient. Applicant first presented his habeas corpus application to the convicting court as required by

Article 11.07, Vernon's Ann.C.C.P. See Ex parte Young, 418 S.W.2d 824. The Trial Judge, the Hon. Archie S. Brown, has made the writ returnable to this Court.

From the record before us it appears that the applicant was convicted of a felony on January 27, 1954, in Cause No. 53369 in the Criminal District Court of Bexar County, Texas (now the 144th District Court) and assessed a punishment of three years confinement in the penitentiary. Sentence was never imposed and the trial court suspended the imposition of the sentence and the applicant was placed on probation subject to certain conditions and terms.

On September 29, 1955, during the probationary term, applicant was convicted of another felony in Cause No. 54449 in the Criminal District Court of Bexar County, and sentenced to serve not less than two nor more than three years in the penitentiary. On this same date following a hearing pursuant to the state's motion to revoke probation previously granted in Cause No. 53369, the court ordered the probation revoked, and for the first time imposed sentence in Cause No. 53369. In said sentence the court provided for cumulation of the sentence with the sentence imposed in Cause No. 54449.

It is this order of cumulation that the applicant attacks.

The record further reflects that applicant was committed to the penitentiary by virtue of said sentences, later was released on parole, and subsequently became a fugitive parole violator but was arrested and returned to the Texas Department of Corrections on January 1, 1967. It appears from the record that the applicant now has credit in excess of four years in the Texas Department of Corrections and has completed serving the sentence in said Cause No. 54449. It is his contention that he is entitled to release as the cumulation attempted is void and the two three-year sentences must be interpreted as having run concurrently.

■ Applicant first claims that the trial court was without authority to cumulate the sentences on September 29, 1955. Here, we must be careful to distinguish between the methods available to the trial court in granting probation. Under the provisions of former Article 781b, Sections 1 and 3, V.A.C.C.P., enacted in 1947, and in effect at the time of applicant's probation and on September 29, 1955, the trial court in granting adult probation was authorized to suspend either the imposition or the execution of the sentence. These same provisions were contained in former Article 781d, Sections 1 and 3, V.A.C.C.P., enacted in 1957 repealing Article 781b, supra. See also Article IV, Section 11A, Texas Constitution, Vernon's Ann.St.

Under such statutes when the court suspended the execution of the sentence, the sentence was actually pronounced and imposed, but the execution or carrying out of the sentence was suspended and the defendant released subject to conditions and terms of probation. Upon revocation of probation under this method, the trial court would order the sentence previously imposed to be executed or carried out as if probation had never been granted without the necessity of sentencing or re-sentencing the defendant at that time.

If the other method of granting probation was employed, the court would suspend the imposition of the sentence, and no sentence was ever pronounced or imposed except upon revocation of probation. In other words, when probation was revoked sentence would be imposed for the first time.

In Ex parte Minor, 167 Tex.Cr.R. 170, 319 S.W.2d 114, the trial judge utilized the suspension of the execution of the sentence method of granting probation to Minor in 1954. Upon revocation of probation in 1955 the court attempted to re-sentence the defendant and at that time also attempted to cumulate such sentence with other outstanding sentences imposed while the defendant was on probation.

In holding the cumulation void this Court said:

> "When the term of court adjourned at which the 1954 sentence was imposed, the trial court lost all power to alter, change or amend the same, and the only order he could enter was to revoke it. He could not add further conditions to such sentence which were not, and under the facts could not have been, a part of such sentence at the time it was imposed."

See also Ex parte Tucker, 168 Tex.Cr.R. 308, 325 S.W.2d 703; Ex parte Scott, 168 Tex.Cr.R. 353, 328 S.W.2d 190; Ex parte Rutherford, 171 Tex.Cr.R. 302, 350 S.W.2d 31; Ex parte Downey, 171 Tex.Cr.R. 296, 350 S.W.2d 20; Ex parte Hernandez, Tex. Cr.App., 364 S.W.2d 688; Ex parte Green, Tex.Cr.App., 375 S.W.2d 312; Ex parte O'Connor, Tex.Cr.App., 394 S.W.2d 815; Anderson v. State, Tex.Cr.App., 421 S.W.2d 667.

In Ex parte Minor, supra, the Court was careful to point out that we were not dealing with a case where the imposition of the sentence was suspended when probation was granted. When such method is utilized, as in the case at bar, and sentence is imposed for the first time following revocation, the court is free to cumulate the sentence with prior outstanding sentences. See Article 42.08, V.A. C.C.P. Therefore, applicant's first contention is without merit.

It is interesting to observe that under the provisions of Article 42.12, Sections 1 and 3, 1965 Code of Criminal Procedure, the court, in placing a defendant on adult felony probation, is authorized only to suspend the imposition of the sentence. The method of suspending the execution is no longer available to the court. Anderson v. State, supra.

Applicant next contends that even if the trial court had the authority to cumulate, the recitals as to the prior conviction in the order of cumulation were insufficient and the order was therefore ineffective. Citing Ex parte Hamilton, 163 Tex.Cr.R. 283, 290 S.W.2d 673.

The cumulation order contained in the sentence in Cause No. 53369 reads as follows:

> "It is further ordered by the court that said punishment herein shall begin and operate after the expiration of the present term of imprisonment which he is now serving in Cause No. 54449."

In Ex parte Hamilton, supra, this Court did point out that any order of cumulation should give

1. The number of the prior conviction,

2. The correct name of the court in which the prior conviction was had,

3. The date of the prior conviction, and

4. The term of years assessed in the prior case.

See also Ex parte Collier, 156 Tex.Cr.R. 377, 243 S.W.2d 177; Ex parte Richmond, 163 Tex.Cr.R. 321, 290 S.W.2d 909; Ex parte Cox, 29 Tex.App. 84, 14 S.W. 396. Only recently in Ex parte Lewis, Tex.Cr. App., 414 S.W.2d 682, we further observed that it would seem desirable to include in the cumulation order the offense for which the defendant has been previously convicted. See Willson's Criminal Forms, Anno.7thEd., Sections 2930, 2969.

Despite the lack of some of the specific and definite recitals recommended, this Court has held cumulation orders valid when such orders contained two, rather than three or more, details of the prior conviction. Ex parte Lewis, supra; Ex parte Shields, Tex.Cr.App., 371 S.W.2d 395; Ex parte Daffern, 162 Tex.Cr.R. 472, 286 S.W.2d 151; Ex parte Dyess, 161 Tex.Cr.R. 29, 274 S.W.2d 695; Ex parte Bell, 160 Tex.Cr.R. 490, 272 S.W.2d 530; Ex parte Collier, supra; see also Ex parte Pruitt, Tex.Cr.App., 385 S.W.2d 384; Ex parte Isom, 168 Tex.Cr.R. 434, 331 S.W.2d 753.

 Further, this Court has held sufficient cumulation orders although reference is made only to the previous cause number provided the order was in the same court as the sentence to which it is made cumulative. Ex parte Lewis, supra; Ex parte Ogletree, 168 Tex.Cr.R. 429, 328 S.W.2d 446; Ex parte Lee, 161 Tex.Cr.R. 398, 278 S.W.2d 137. While such form is certainly not to be recommended, it has been held that the rule of certainty as to the beginning and ending of each sentence is not so strict as it is when the sentences sought to be cumulated are from different courts. Ex parte Hatfield, 156 Tex.Cr.R. 92, 238 S.W.2d 788; Ex parte Johnson, Tex.Cr.App., 218 S.W.2d 200; Ex parte Snow, 151 Tex.Cr.R. 640, 209 S.W.2d 931.

While recognizing the above-stated rule applicant contends it can have no application in the case at bar because, though the sentence containing the cumulation order was entered on the same day and in the same county as the sentence to which it is made cumulative, there is no showing that such sentence was entered in the same court. He points out that on September 29, 1955, Bexar County had a number of District Courts in addition to the Criminal District Court thereof, including a Criminal District Court No. 2. See Article 199–37, V.A.C.S. as amended by Acts 1955, 54th Leg., Chapter 262, p. 730. If the cumulation order was entered in a different court of the same county even on the same day, applicant would be correct in that a different rule applies, and that the cumulation order would be void. See Ex parte Wilkinson, Tex.Cr.App., 415 S.W.2d 426; Ex parte Lewis, supra; Ex parte Whitley, 171 Tex.Cr.R. 280, 347 S.W.2d 721; Ex parte Cannon, 161 Tex.Cr.R. 447, 278 S.W.2d 850; Ex parte Lucas, 275 S.W.2d 816, 161 Tex.Cr.R. 144; Ex parte McFarland, 160 Tex.Cr.R. 641, 274 S.W.2d 71; Ex parte Coleman, 159 Tex. Cr.R. 48, 261 S.W.2d 351; Ex parte Mc-Clain, 158 Tex.Cr.R. 115, 253 S.W.2d 863.

A careful study of the record convinces us that the sentence in Cause No. 54449, the hearing and revocation of probation in Cause No. 53369 and the order thereon, and the sentence in Cause No. 53369 which included the complained of cumulation order were all heard and entered in the Criminal District Court of Bexar County, Texas, on September 29, 1955.

 While the sentence in Cause No. 53369, unlike the other instruments referred to, does not clearly reflect on its face in which district court it was pronounced, the record reveals that it was recorded in Volume 15 of the Criminal minutes of the Criminal District Court of Bexar County at Page 202. There is nothing in the record to indicate that this cause was ever transferred to another court or that Cause No. 53369 was heard at any time in another and different court.

 We, therefore, reject applicant's contention that cumulation order was insufficient.

The application for writ of habeas corpus is denied.