Janie R. WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 46083.

Court of Criminal Appeals of Texas.

Nov. 8, 1972.

Rehearing Denied Dec. 20, 1972.

Dunnam, Dunnam & Dunnam, by W. V. Dunnam, Jr., Waco, for appellant.

Martin D. Eichelberger, Dist. Atty., Joe Guyton and Randall Sellers, Asst. Dist. Attys., Waco, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for possession of marihuana. Trial was before the court and punishment was assessed at five years.

Appellant contends that the court erred in refusing to allow her to withdraw her plea of guilty prior to sentencing for the reason that her guilty plea was induced by the promises of the prosecuting attorney and officers that they would see that the judge would grant her probation.

On August 2, 1971, appellant waived a jury and entered a plea of guilty before the court to the offense of possession of marihuana. At the conclusion of the trial the court found appellant guilty and assessed her punishment at five years. The court announced that sentencing would be delayed until a pre-sentence investigation could be conducted which would enable the court to determine whether appellant's application for probation should be granted. On February 7, 1972, appellant's motion to withdraw her plea of guilty was heard and denied. Sentence was pronounced on February 25, 1972.

The nature of this case requires a relatively detailed recitation of the testimony on the hearing to withdraw the plea.

Charles B. Williams [1] testified that officers Rigney, Stieg and Edwards of the Waco Police Department told him that if appellant pled guilty, and cooperated with them, she would get probation.

Appellant testified that two officers promised her in the presence of Assistant District Attorney Guyton that she would get probation; that she was told by the officers the only reason her case was coming to court was so as to not arouse suspicion and that they were satisfied with her cooperation.

Appellant's counsel (at the time the plea of guilty was entered) testified that he talked to the court before the plea was entered and as a result of such conference told appellant that the court was reluctant to grant probation, but that the court would order a pre-sentence report and abide by the decision of the Probation Department.

Assistant District Attorney Guyton testified that officers Stieg and Rigney came to his office with appellant to see what could be done for appellant if she cooperated with the police. Guyton said he understood this to mean to try and get appellant probation and that he told appellant that the Judge is the only one that could grant probation and that he "jealously guarded that part of his duties," but that he would go to the Judge and explain what appellant had done for them and ask the Judge to give her probation in return. Guyton further testified that he, the Judge and appellant's attorney Duty had a conference about the case prior to any hearing and that the Judge told them he was reluctant to grant probation, that Duty then talked to appellant in the court room out of their presence and returned and asked the Judge if he would grant a probation investigation. The Judge agreed to grant the investigation and stated that he would abide by the recommendation therein.

Duty returned to the court room, talked to appellant, and appellant entered a plea of guilty. Guyton testified that he heard the investigation was going badly for appellant and that he and Officer Rigney, in accordance with their promise, pled with the Judge to grant appellant probation.

Adult Probation Officer Maddex testified that based upon his investigation, it was his finding that appellant would have a poor chance of making probation.

The Honorable Carl C. Anderson, Judge of the 54th Judicial District Court, testified that prior to appellant entering a plea of guilty he told appellant's attorney Duty and Assistant District Attorney Guyton that the court was not disposed under any circumstances to grant appellant probation, but that he did agree to ask for a pre-sentence investigation and told Duty and Guyton that he would rely heavily on the recommendation of the probation officer.

The record reflects that before the court received appellant's plea of guilty the appellant was not only admonished in accordance with Art. 26.13, Vernon's Ann.C.C.P., but was asked by the Court:

"Are you pleading guilty to this charge Mrs. Williams, because you have been promised by anyone, or led to believe in any way whatsoever, that if you do plead guilty to this charge, before this Court, this Court would reward you with low punishment, parole or probation, or anything of that nature?"

Appellant's answer to the foregoing question was "No."

Appellant testified that she "assumed it was the necessary formalities in pleading guilty like they told me to" as the reason for answering the court's questions in the manner she did and that she was told that the plea of guilty was a legal formality in order to get probation. Appellant further

1. When this case was argued before us, we recall that mention was made of some relation between appellant and Charles B. Williams, but we fail to find anything about same in the transcription of the court reporter's notes.

testified that it was explained to her before she ever entered a plea of guilty that it was strictly up to the Judge whether or not she got probation.

In Garcia v. State, 91 Tex.Cr.R. 9, 237 S.W. 279, it was stated "the court is required to exercise great care in preventing the improvident entry of a plea of guilty, and a liberal practice prevails touching its withdrawal." Appellant cites us to United States v. Roland, 318 F.2d 406, (4th Circuit —1963) where it was noted that under Rule 32 of the Federal Rules of Criminal Procedure a motion to withdraw a plea of guilty should be allowed with great liberality before sentence is imposed.

Does a liberal policy in allowing withdrawal of a plea of guilty before sentencing mean that a defendant has, as a matter of right, the privilege of withdrawing his plea of guilty? We think not. In Ralls v. State, 151 Tex.Cr.R. 146, 205 S.W.2d 594, the defendant entered a plea of guilty before the court, the court found the defendant guilty and announced it would take under advisement the matter of whether to suspend the defendant's sentence. The defendant filed a motion to withdraw his plea of guilty which was declined by the court notwithstanding the motion was filed before sentence was imposed. This court found that the trial court did not err in refusing defendant's motion and said "to permit the withdrawal of the plea of guilty would be like child's play to spend a half day trying the case and then because the defendant was dissatisfied . . . to go back and spend another half day in a trial before a jury."

Appellant cites us to Stafford v. State, 103 Tex.Cr.R. 144, 280 S.W. 218, where this Court reversed the conviction in the trial court when the evidence at motion for new trial showed it was undisputed that the District Attorney induced defendant to enter a plea of guilty under agreement a suspended sentence would be recommended and in event sentence was not suspended accused would be given a new trial. In

Eldridge v. State, 159 Tex.Cr.R. 79, 261 S.W.2d 579, also relied on by appellant, this Court held that where District Attorney made promise to accused that he would receive an overall punishment less than the minimum prescribed by law, it was error for trial judge to refuse to grant defendant's motion for new trial.

In Wilson v. State, Tex.Cr.App., 456 S.W.2d 941, defendant claimed that his guilty plea was not voluntary because the District Attorney promised to recommend a seven year sentence when the minimum sentence was ten years and defendant received a life sentence. Prior to entry of plea of guilty, defendant's attorney advised his client "that the recommendation was off" and defendant would receive not less than ten years, and possibly life. This Court held that the evidence did not show that defendant's plea was anything less than a voluntary plea.

In the instant case, the testimony of Williams that officers had told him that appellant would get probation was not shown to have been communicated by Wilson to appellant. Prior to the entry of the plea of guilty, appellant's counsel advised her that the court was reluctant to grant probation and that the court only promised to order a pre-sentence investigation. Appellant testified that it was explained to her before she entered a plea of guilty that it was strictly up to the Judge whether or not she got probation. Assistant District Attorney Guyton's testimony was that nothing more was promised by him or the officers in his presence than an effort would be made to secure probation for appellant in exchange for her cooperation. The court, before accepting appellant's plea of guilty went beyond the admonishment required by Art. 26.13, V.A.C.C.P., in inquiring of appellant if anyone had promised her that she would get probation.

We conclude that the evidence does not show that appellant's plea was anything less than voluntary.

While a trial court is required to maintain a liberal policy toward the withdrawal of a plea of guilty in order to prevent the improvident entry of a plea of guilty, we cannot say that the court was in error in refusing to allow appellant to withdraw her plea of guilty.

The judgment is affirmed.

Opinion approved by the Court.