**George Robert McFARLAND, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 2–81–177–CR.**

Court of Appeals of Texas, Fort Worth.

Oct. 21, 1981.

Discretionary Review Refused Jan. 20, 1982.

Allan K. Butcher, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and James J. Heinemann, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, RICHARD L. BROWN and JORDAN, JJ.

## OPINION

JORDAN, Justice.

This is a revocation of probation case in which appellant complains generally that there was no evidence to support the revocation and also that the trial court erred in cumulating two different sentences.

We reform and affirm.

A brief review of the facts is necessary. In April of 1979 appellant was convicted in Criminal District Court No. 4, Tarrant County, Texas in cause no. 15878, after a plea of guilty, of theft of several boxes of shrimp and sentenced to six years imprisonment. This sentence was probated by the court under the usual terms and conditions. On March 6, 1980, this probation, on motion of the state, was revoked for violation of the terms of probation and appellant was then sentenced to a reduced term of five years in the Texas Department of Corrections. He actually served more than three months of this sentence.

On June 30, 1980 the execution of the sentence was suspended and appellant was placed on shock probation, on his motion under Tex. Code Crim.Proc. Ann. art. 42.12, sec. 3e (1979), for a period of five years under the same terms and conditions of his earlier probation. In February, 1981 the state filed a motion to revoke the suspended sentence granted in June, 1980 under art. 42.12, sec. 3e alleging that appellant had violated the terms of his probation as a result of a conviction for burglary in Johnson County, Texas.

After a hearing on March 3, 1981 the Tarrant County Criminal District Court Number 4 revoked appellant's suspended sentence and over the timely objection of appellant's attorney, cumulated the March 6, 1980 sentence of five years for theft with that of the court in the Johnson County burglary case.

Appellant first contends that the trial court abused its discretion by revoking appellant's probation because there was no evidence of any violation of that probation and there was no evidence that any alleged violation occurred during the term of the probated sentence.

The state, in its petition for revocation of probated sentence, alleged that appellant violated the terms and conditions of his probation by entering a building in Johnson County, Texas, on or about the 4th day of September, 1980, with intent to commit theft in Johnson County, Texas, and that on the 2nd day of February, 1981, appellant was convicted of a theft offense. At the hearing on this motion on March 3, 1981, the reading of the motion to revoke was waived by appellant. Appellant contends that because the judgment and sentence from the Johnson County case were not introduced into evidence at the revocation hearing, and because the District Court in Johnson County, Texas was not properly designated anywhere in the record, there was no evidence of any violation of the terms of the probation granted by Criminal District Court Number Four, Tarrant County on June 30, 1980. He also urges that because the date of the Johnson County conviction for burglary was nowhere shown in the record there is no showing that the violation of the probation, if any, occurred during the term of his probation.

At the hearing on the motion to revoke probation of March 3, 1981, however, appellant did testify, in response to a question from the court, that it was true that he committed a burglary in Johnson County and that he was sentenced to seven years for that offense. We hold, as the Court of Criminal Appeals has held in many cases, that when an accused, at a hearing to revoke probation, answers "true" to allegations in the motion to revoke probation that he had violated one or more terms of his probation, that no other evidence is necessary. The plea of "true" is sufficient to support revocation. *Jiminez v. State*, 552 S.W.2d 469 (Tex.Crim.App.1977); *Guillot v. State*, 543 S.W.2d 650 (Tex.Crim.App.1976); *Mitchell v. State*, 482 S.W.2d 221 (Tex.Crim. App.1972). By his plea of true appellant admitted a violation of one of the terms of probation within the probation period.

In its sentence after revocation of probation in cause no. 15878, the theft case in Criminal District Court Number 4 in Tarrant County, Texas, the trial court attempted to cumulate this sentence with the sentence in cause no. 23073, the burglary case in Johnson County. In his seventh ground of error appellant urges error in the trial court's attempt to cumulate these two sentences because the sentence in cause no. 15878, Tarrant County, had been imposed and partially executed. It is to be remembered that appellant's first probation in the Tarrant County theft case (cause no. 15878) had been revoked, the six year sentence reduced to five years confinement, and that appellant had actually served 108 days, or from March 14, 1980 to June 30, 1980, when he was granted "shock probation" under Tex. Code Crim. Proc. Ann. art. 42.12 § 3e (1979). Appellant argues that once sentence has been imposed and even partially served that sentence may not be cumulated with another one. We agree. The trial court's attempt to cumulate the Tarrant County theft sentence, which had been partially served, with the Johnson County burglary sentence was improper and void. The judgment in cause no. 15878 was final and sentence thereunder partially served.

An order of cumulation entered after sentence has been imposed and appellant has suffered punishment thereunder is null and void and of no legal effect. *Ex Parte Guerrero*, 521 S.W.2d 613 (Tex.Crim. App.1975); *Ex Parte Voelkel*, 517 S.W.2d 291 (Tex.Crim.App.1975). While these two cases, as well as others cited in *Guerrero*, are not "shock probation" cases, we see no real distinction. By its very language, art. 42.12 § 3e cannot be effective until sentence is imposed and execution of the sentence, i. e., serving at least part of the time, begins. We think the law of *Guerrero* and the cases therein cited controls this "shock probation" case.

Not only do we find that the trial court could not cumulate the sentence in light of the fact that the sentence had been partially executed but we also find that the court below attempted to resentence appellant or reform the sentence after the term of the court at which sentence was initially imposed had adjourned.

To attempt to do so was improper. *Ex Parte Minor*, 167 Tex.Cr.R. 170, 319 S.W.2d 114 (1959); *Ex Parte Scott*, 168 Tex.Cr.R. 353, 328 S.W.2d 190 (1959).

By his next four grounds of error appellant complains that the trial court erred in cumulating these sentences because neither the oral pronouncement by the court or the written order of revocation shows the date of the sentence to be served first, the date of the conviction to be served first, the term of years to be served on the conviction to be served first, and that the written order failed to correctly designate the court in which appellant's burglary conviction in Johnson County had been rendered.

In light of our ruling on appellant's seventh ground of error, we pretermit discussion of these four grounds of error.

That portion of the judgment cumulating the sentences is deleted, and as reformed, the judgment is affirmed.