ENGLISH V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-369-CR

DERRICK SIMEON ENGLISH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Derrick Simeon English appeals from the trial court’s revocation of his community supervision.  Counsel on appeal has filed an 
Anders
(footnote: 2) brief asserting that no grounds are present that arguably would be successful on appeal.  Appellant has filed a pro se brief raising eight issues.  We grant counsel’s motion to withdraw, overrule Appellant’s issues, and affirm the trial court’s judgment. 

Appellant was indicted on September 14, 1999, for robbery by threats, aggravated robbery with a deadly weapon, and robbery with bodily injury.  The indictment also contained an enhancement paragraph.  On February 17, 2000, pursuant to a plea bargain agreement, Appellant pled guilty to robbery by threats.  The trial court sentenced Appellant to five years’ imprisonment, but suspended the sentence and placed him on five years’ community supervision.  On April 25, 2001, the State filed a petition to revoke Appellant’s community supervision, alleging that Appellant had violated his community supervision by failing to report to the corrections department and pay fines and fees as required.

On July 29, 2002, Appellant pled true to the State’s allegation that he had failed to report to his probation officer as ordered by the trial court, and also admitted under oath that he had failed to do so.  Appellant admitted that he originally failed to report because he had been using cocaine and marijuana and knew that his urinalysis test “would have been dirty.”

Appellant’s revocation hearing began on July 29, 2002, and the trial court continued it on August 23, 2002.  After hearing all the evidence, the trial court revoked Appellant’s probation and sentenced him to five years’ imprisonment in TDCJ.  At the time the trial court revoked Appellant’s probation, two and one-half years still remained until the expiration of his probationary period.  Appellant timely filed a general notice of appeal.

Appellant’s court-appointed counsel has filed a motion to withdraw and a brief in support of that motion.  In counsel’s brief, he asserts that, in his professional opinion, this appeal is frivolous.  Counsel has fulfilled the requirements of 
Anders v. California
 by presenting a professional evaluation of the record and explaining why no arguable grounds for relief exist.  386 U.S. 738, 87 S. Ct. 1396.  

Once an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders,
 this court must conduct an 
independent evaluation of the record and essentially rebrief the case for the appellant to see if any arguable ground may be raised on his behalf. 
 Stafford v. State, 
813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 

Article 42.12, section 23(b) affords a defendant an unrestricted right to appeal from an order revoking regular community supervision, even if that community supervision was a result of a plea bargain. 
 Tex. Code Crim. Proc. Ann.
 art. 42.12, § 23(b) (Vernon Supp. 2003); 
see Feagin v. State, 
967 S.W.2d 417, 419 (Tex. Crim. App. 1998).  
But at this stage, a defendant may generally not raise issues related to his conviction and punishment resulting from his original plea; he may appeal only the revocation.  
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 23(b).  The only exception to this rule is the “void judgment” exception.  
Corley v. State
, 782 S.W.2d 859, 860 n.2 (Tex. Crim. App. 1989); 
Gonzales v. State
, 723 S.W.2d 746, 747 n.3 (Tex. Crim. App. 1987). 
 
As the Texas Court of Criminal Appeals has explained: 

A judgment of conviction for a crime is void when (1) the document purporting to be a charging instrument (i.e.[,] indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived, in violation of 
Gideon v. Wainwright
.

Nix v. State
, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001) (citing 
Gideon v. 

Wainwright
, 372 U.S. 335, 83 S. Ct. 792 (1963)).

Our review of the record reveals no jurisdictional defects.  The trial court had jurisdiction over this case.  
See
 Tex. Code Crim. Proc. Ann.
 art. 4.05.
  Further, the indictment sufficiently conferred jurisdiction on the trial court and provided Appellant with sufficient notice.
  
See
 Tex. Const. 
art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). 

Appellant cannot show that no evidence exists to support his conviction.  His signed guilty plea appears in the clerk’s record and, in the same document,  he waived his right to a reporter’s record.  A criminal defendant may not waive the making of a record and then, on appeal, rely on the absence of evidence to support reversal of his conviction.  
See McDougal v. State,
 105 S.W.3d 119, 121 (Tex. App.—Fort Worth 2003, pet. filed).  Further, “for a judgment to be void, the record must leave no question about the existence of the fundamental defect.  If the record is incomplete, and the missing portion could conceivably show that the defect does not in fact exist, then the judgment is not void.”  
Nix, 
65 S.W.3d at 668-69.  Consequently, Appellant cannot rely on the absence of the reporter’s record to allege a void judgment at this stage.  Finally, the record shows that Appellant had counsel for the proceedings.  We conclude that the void judgment exception does not apply to Appellant; Appellant can therefore only complain about the revocation.

We have given Appellant the opportunity to file a pro se brief on his behalf and he has done so.  In eight issues, Appellant alleges the following:  1)  the trial court erred by granting Appellant probation in this case; 2) the trial court erred by making a finding of true absent evidence of all elements of the probation violations as alleged in the petition; 3) the trial court erred by failing to conduct separate hearings for revocation and punishment; 4) the trial court abused its discretion in sentencing Appellant to five years’ imprisonment; 5) the trial court erred by failing to make any inquiry into the State’s exercise of due diligence in apprehending Appellant after the capias was issued; 6) the trial court erred “by revoking Appellant’s probation for Robbery by threats and not dropping the indi[c]tment of aggravated Robbery with use of a deadly weapon”; 7) the trial court erred by appointing ineffective counsel to represent Appellant at the probation revocation hearing; and 8) the trial court erred by assigning Dr. Wu to evaluate Appellant’s mental state rather than the doctor of psychiatry the trial court usually assigned.  Although we have considered these areas in our independent review of the record and determined that no reversible error exists, we will briefly address Appellant’s claims.

Appellant’s first, fourth, and sixth issues concern matters that occurred prior to revocation, and are not appealable under article 42.12.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 23(b).
  We therefore overrule those issues.

As to Appellant’s second issue, the trial court did not err by making a finding of true to the probation violations as alleged in the petition.  Appellant entered a plea of true to the allegations in paragraph one of the petition after waiving a formal reading of the petition.  The State rested on Appellant’s plea of true.  Appellant’s written plea admonishments, which included a judicial confession to the truth of the allegations contained in the petition, were made a part of the record.  The trial court did not make a determination to revoke Appellant’s probation until after the hearing on sentencing.  The oral plea on the record or the judicial confession included in the record was sufficient evidence on which the trial court could base a finding of true.  
Cole v. State,
 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); 
McFarland v. State, 
622 S.W.2d 907, 909 (Tex. App.—Fort Worth 1981, pet. ref’d).  The trial court did not err, therefore, in making a finding of true, and we overrule Appellant’s second issue.

As to Appellant’s third issue, the trial court did not err in not conducting separate hearings on the issues of revocation and punishment.  Appellant pled “true” to the allegations contained in paragraph one of the petition after the trial court admonished him that his plea alone was sufficient to revoke his probation, informing Appellant that the revocation hearing was a one-part hearing.  Further Appellant never objected to this being a one-part hearing, either during the hearing or in a timely filed motion for new trial.  Therefore, the trial court did not err in not conducting separate hearings, and we overrule Appellant’s third issue.  
See Issa v. State, 
826 S.W.2d 159, 161 (Tex. Crim. App. 1992).

Appellant did not preserve his fifth issue for appeal.  The issue of lack of due diligence must be raised by the appellant before or during the revocation hearing in order to preserve it for appellate review.  
Peacock v. State, 
77 S.W.3d 285, 287-88 (Tex. Crim. App. 2002); 
see also 
Tex. R. App. P.
 33.1(a).  Appellant did not raise this issue in the trial court; therefore, we cannot review his complaint, and we overrule his fifth issue.  
See Peacock, 
77 S.W.3d at 287-88.

As to Appellant’s seventh issue, the trial court did not err by appointing allegedly ineffective counsel to represent Appellant at the revocation hearing.  Appellant cites two examples of his counsel’s alleged ineffective performance.  First, he claims counsel was ineffective because he failed to make Appellant aware of the trial court’s error in failing to exercise due diligence in apprehending Appellant after the capias was issued.  Second, Appellant claims counsel was ineffective by failing to object to the State’s cross-examination of him in which the State asked him about conversations with Dr. Wu which Appellant claims “w[ere] clearly suppose[d] to be excluded.”

We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, an appellant must show that his counsel’s performance was deficient; second, the appellant must show that the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064; 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Strickland
, 466 U.S.
 
at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.  
If the appellant fails to show either deficient performance or sufficient prejudice, he cannot prevail on his claim of ineffective assistance.  
Id.
 at 813.

Generally, the record on appeal is not sufficient to show that counsel’s performance was deficient because “[t]he reasonableness of counsel’s choices often involves facts that do not appear in the appellate record.”  
Mitchell v. State
, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).  Therefore, ineffective assistance claims are usually more appropriately raised by writ of habeas corpus.  
Id
.  

Appellant’s cited examples of ineffective assistance fail to merit reversal.  Case law indicates that due diligence in apprehension is not an issue unless a defendant’s probationary term expires prior to the date of the arrest and hearing on revocation.  
See Peacock,
 77 S.W.3d at 287-88 (holding that the trial court’s jurisdiction continues after the probationary period has expired “[a]s long as both a motion alleging a violation of probationary terms is filed and a capias or arrest warrant is issued prior to the expiration of the term, followed by due diligence to apprehend the probationer and to hear and determine the allegations in the motion").  Here, Appellant still had three more years of community supervision remaining when the trial court issued the capias, so no apprehension issue was present in this case.

As to his conversation with Dr. Wu, during his own testimony Appellant claimed that he felt “hopeless” and “helpless” and that the only person with whom he had ever spoken about his depression was his aunt.  Appellant even admitted on cross-examination that he had claimed that he had spoken to no other person than his aunt about his depression.  Later, the State asked a question and reminded Appellant of his jailhouse conversation with Dr. Wu about his depression.
(footnote: 3)  This testimony was admissible to correct the false impression Appellant was trying to leave regarding his never having spoken to any other person regarding his depression.  
See Delk v. State,
 855 S.W.2d 700, 704 (Tex. Crim. App.), 
cert. denied,
 510 U.S. 982 (1993); 
Chatham v. State,
 889 S.W.2d 345, 350 (Tex. App.—Houston [14
th
 Dist.] 1994, no pet.).  Finally, the State sought to cross-examine Appellant with his prior inconsistent statement to Dr. Wu to the effect that he did not feel helpless or hopeless, which was a proper attempt to impeach Appellant’s earlier testimony that he had been harboring such feelings.  
See 
Tex. R. Evid. 
613(a).  

As to these alleged instances of ineffective counsel, Appellant has not shown that he has an arguable claim on appeal that he received ineffective assistance of counsel at the revocation hearing.  Further, our independent review of the record indicates that counsel rendered effective assistance.  Accordingly, we overrule Appellant’s seventh issue.

Last, Appellant claims the trial court erred by assigning Dr. Wu to evaluate Appellant’s mental state rather than the “normal” doctor of psychiatry the trial court usually employed.  Appellant claims that Dr. Wu admitted that she was not qualified to make such a determination, that Dr. Wu claimed the trial court uses its own independent psychiatrist, and that Dr. Wu later prescribed antidepressant medication for Appellant.

While the State asked Appellant some cross-examination questions based on a report issued by Dr. Wu, Dr. Wu did not testify during the proceedings.  Accordingly, the record contains no evidence of the statements Appellant attributes to Dr. Wu.  We cannot reverse a conviction based on speculation as to what Dr. Wu may have testified.  
See Green v. State
, 912 S.W.2d 189, 192 (Tex. Crim. App. 1995), 
cert. denied
, 516 U.S. 1021 (1996).  Accordingly, we overrule Appellant’s eighth issue.

After independently reviewing the record, we agree with counsel’s determination that any appeal in this case would be frivolous.  Accordingly, we grant counsel’s motion to withdraw on appeal, overrule Appellant’s issues, and affirm the trial court’s judgment.

PER CURIAM

PANEL F: HOLMAN, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: July 3, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Anders v. California,
 386 U.S. 738, 87 S. Ct. 1396 (1967).

3:
While the record is not clear, it appears that Dr. Wu was the person who assessed Appellant at the trial court’s direction after Appellant’s aunt testified about Appellant’s alleged suicidal ideations.