COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-369-CR
 
DERRICK SIMEON ENGLISH                                                        
   APPELLANT
V.
THE STATE OF TEXAS                                                                   
STATE
------------
FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Appellant Derrick Simeon English appeals
from the trial court's revocation of his community supervision. Counsel on
appeal has filed an Anders (2) brief
asserting that no grounds are present that arguably would be successful on
appeal. Appellant has filed a pro se brief raising eight issues. We grant
counsel's motion to withdraw, overrule Appellant's issues, and affirm the trial
court's judgment.
Appellant was indicted on September 14,
1999, for robbery by threats, aggravated robbery with a deadly weapon, and
robbery with bodily injury. The indictment also contained an enhancement
paragraph. On February 17, 2000, pursuant to a plea bargain agreement, Appellant
pled guilty to robbery by threats. The trial court sentenced Appellant to five
years' imprisonment, but suspended the sentence and placed him on five years'
community supervision. On April 25, 2001, the State filed a petition to revoke
Appellant's community supervision, alleging that Appellant had violated his
community supervision by failing to report to the corrections department and pay
fines and fees as required.
On July 29, 2002, Appellant pled true to
the State's allegation that he had failed to report to his probation officer as
ordered by the trial court, and also admitted under oath that he had failed to
do so. Appellant admitted that he originally failed to report because he had
been using cocaine and marijuana and knew that his urinalysis test "would
have been dirty."
Appellant's revocation hearing began on
July 29, 2002, and the trial court continued it on August 23, 2002. After
hearing all the evidence, the trial court revoked Appellant's probation and
sentenced him to five years' imprisonment in TDCJ. At the time the trial court
revoked Appellant's probation, two and one-half years still remained until the
expiration of his probationary period. Appellant timely filed a general notice
of appeal.
Appellant's court-appointed counsel has
filed a motion to withdraw and a brief in support of that motion. In counsel's
brief, he asserts that, in his professional opinion, this appeal is frivolous.
Counsel has fulfilled the requirements of Anders v. California by
presenting a professional evaluation of the record and explaining why no
arguable grounds for relief exist. 386 U.S. 738, 87 S. Ct. 1396.
Once an appellant's court-appointed
counsel files a motion to withdraw on the ground that the appeal is frivolous
and fulfills the requirements of Anders, this court must conduct an
independent evaluation of the record and essentially rebrief the case for the
appellant to see if any arguable ground may be raised on his behalf. Stafford
v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).
Article 42.12, section 23(b) affords a
defendant an unrestricted right to appeal from an order revoking regular
community supervision, even if that community supervision was a result of a plea
bargain. Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b) (Vernon Supp. 2003); see
Feagin v. State, 967 S.W.2d 417, 419 (Tex. Crim. App. 1998). But at this
stage, a defendant may generally not raise issues related to his conviction and
punishment resulting from his original plea; he may appeal only the revocation.
Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b). The only exception to this rule
is the "void judgment" exception. Corley v. State, 782 S.W.2d
859, 860 n.2 (Tex. Crim. App. 1989); Gonzales v. State, 723 S.W.2d 746,
747 n.3 (Tex. Crim. App. 1987). As the Texas Court of Criminal Appeals has
explained:

        
 A judgment of conviction for a crime is void when (1) the document purporting
 to be a charging instrument (i.e.[,] indictment, information, or complaint)
 does not satisfy the constitutional requisites of a charging instrument, thus
 the trial court has no jurisdiction over the defendant, (2) the trial court
 lacks subject matter jurisdiction over the offense charged, such as when a
 misdemeanor involving official misconduct is tried in a county court at law,
 (3) the record reflects that there is no evidence to support the conviction,
 or (4) an indigent defendant is required to face criminal trial proceedings
 without appointed counsel, when such has not been waived, in violation of Gideon
 v. Wainwright.

Nix v. State, 65 S.W.3d 664, 668
(Tex. Crim. App. 2001) (citing Gideon v. Wainwright, 372 U.S. 335, 83
S. Ct. 792 (1963)).
Our review of the record reveals no
jurisdictional defects. The trial court had jurisdiction over this case. See
Tex. Code Crim. Proc. Ann. art. 4.05. Further, the indictment sufficiently
conferred jurisdiction on the trial court and provided Appellant with sufficient
notice. See Tex. Const. art. V, § 12; Duron v. State, 956
S.W.2d 547, 550-51 (Tex. Crim. App. 1997).
Appellant cannot show that no evidence
exists to support his conviction. His signed guilty plea appears in the clerk's
record and, in the same document, he waived his right to a reporter's record. A
criminal defendant may not waive the making of a record and then, on appeal,
rely on the absence of evidence to support reversal of his conviction. See
McDougal v. State, 105 S.W.3d 119, 121 (Tex. App.--Fort Worth 2003, pet.
filed). Further, "for a judgment to be void, the record must leave no
question about the existence of the fundamental defect. If the record is
incomplete, and the missing portion could conceivably show that the defect does
not in fact exist, then the judgment is not void." Nix, 65 S.W.3d
at 668-69. Consequently, Appellant cannot rely on the absence of the reporter's
record to allege a void judgment at this stage. Finally, the record shows that
Appellant had counsel for the proceedings. We conclude that the void judgment
exception does not apply to Appellant; Appellant can therefore only complain
about the revocation.
We have given Appellant the opportunity to
file a pro se brief on his behalf and he has done so. In eight issues, Appellant
alleges the following: 1) the trial court erred by granting Appellant probation
in this case; 2) the trial court erred by making a finding of true absent
evidence of all elements of the probation violations as alleged in the petition;
3) the trial court erred by failing to conduct separate hearings for revocation
and punishment; 4) the trial court abused its discretion in sentencing Appellant
to five years' imprisonment; 5) the trial court erred by failing to make any
inquiry into the State's exercise of due diligence in apprehending Appellant
after the capias was issued; 6) the trial court erred "by revoking
Appellant's probation for Robbery by threats and not dropping the indi[c]tment
of aggravated Robbery with use of a deadly weapon"; 7) the trial court
erred by appointing ineffective counsel to represent Appellant at the probation
revocation hearing; and 8) the trial court erred by assigning Dr. Wu to evaluate
Appellant's mental state rather than the doctor of psychiatry the trial court
usually assigned. Although we have considered these areas in our independent
review of the record and determined that no reversible error exists, we will
briefly address Appellant's claims.
Appellant's first, fourth, and sixth
issues concern matters that occurred prior to revocation, and are not appealable
under article 42.12. See Tex. Code Crim. Proc. Ann. art. 42.12, §
23(b). We therefore overrule those issues.
As to Appellant's second issue, the trial
court did not err by making a finding of true to the probation violations as
alleged in the petition. Appellant entered a plea of true to the allegations in
paragraph one of the petition after waiving a formal reading of the petition.
The State rested on Appellant's plea of true. Appellant's written plea
admonishments, which included a judicial confession to the truth of the
allegations contained in the petition, were made a part of the record. The trial
court did not make a determination to revoke Appellant's probation until after
the hearing on sentencing. The oral plea on the record or the judicial
confession included in the record was sufficient evidence on which the trial
court could base a finding of true. Cole v. State, 578 S.W.2d 127, 128
(Tex. Crim. App. [Panel Op.] 1979); McFarland v. State, 622 S.W.2d 907,
909 (Tex. App.--Fort Worth 1981, pet. ref'd). The trial court did not err,
therefore, in making a finding of true, and we overrule Appellant's second
issue.
As to Appellant's third issue, the trial
court did not err in not conducting separate hearings on the issues of
revocation and punishment. Appellant pled "true" to the allegations
contained in paragraph one of the petition after the trial court admonished him
that his plea alone was sufficient to revoke his probation, informing Appellant
that the revocation hearing was a one-part hearing. Further Appellant never
objected to this being a one-part hearing, either during the hearing or in a
timely filed motion for new trial. Therefore, the trial court did not err in not
conducting separate hearings, and we overrule Appellant's third issue. See
Issa v. State, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992).
Appellant did not preserve his fifth issue
for appeal. The issue of lack of due diligence must be raised by the appellant
before or during the revocation hearing in order to preserve it for appellate
review. Peacock v. State, 77 S.W.3d 285, 287-88 (Tex. Crim. App. 2002);
see also Tex. R. App. P. 33.1(a). Appellant did not raise this issue in
the trial court; therefore, we cannot review his complaint, and we overrule his
fifth issue. See Peacock, 77 S.W.3d at 287-88.
As to Appellant's seventh issue, the trial
court did not err by appointing allegedly ineffective counsel to represent
Appellant at the revocation hearing. Appellant cites two examples of his
counsel's alleged ineffective performance. First, he claims counsel was
ineffective because he failed to make Appellant aware of the trial court's error
in failing to exercise due diligence in apprehending Appellant after the capias
was issued. Second, Appellant claims counsel was ineffective by failing to
object to the State's cross-examination of him in which the State asked him
about conversations with Dr. Wu which Appellant claims "w[ere] clearly
suppose[d] to be excluded."
We apply a two-pronged test to ineffective
assistance of counsel claims. Strickland v. Washington, 466 U.S. 668,
687, 104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999). First, an appellant must show that his counsel's
performance was deficient; second, the appellant must show that the deficient
performance prejudiced the defense. Strickland, 466 U.S. at 687, 104 S.
Ct. at 2064; Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim. App.
1999). "[C]ounsel is strongly presumed to have rendered adequate assistance
and made all significant decisions in the exercise of reasonable professional
judgment." Strickland, 466 U.S. at 690, 104 S. Ct. at 2066. An
allegation of ineffective assistance must be firmly founded in the record, and
the record must affirmatively demonstrate the alleged ineffectiveness. Thompson,
9 S.W.3d at 814. If the appellant fails to show either deficient performance or
sufficient prejudice, he cannot prevail on his claim of ineffective assistance. Id.
at 813.
Generally, the record on appeal is not
sufficient to show that counsel's performance was deficient because "[t]he
reasonableness of counsel's choices often involves facts that do not appear in
the appellate record." Mitchell v. State, 68 S.W.3d 640, 642 (Tex.
Crim. App. 2002). Therefore, ineffective assistance claims are usually more
appropriately raised by writ of habeas corpus. Id.
Appellant's cited examples of ineffective
assistance fail to merit reversal. Case law indicates that due diligence in
apprehension is not an issue unless a defendant's probationary term expires
prior to the date of the arrest and hearing on revocation. See Peacock,
77 S.W.3d at 287-88 (holding that the trial court's jurisdiction continues after
the probationary period has expired "[a]s long as both a motion alleging a
violation of probationary terms is filed and a capias or arrest warrant is
issued prior to the expiration of the term, followed by due diligence to
apprehend the probationer and to hear and determine the allegations in the
motion"). Here, Appellant still had three more years of community
supervision remaining when the trial court issued the capias, so no apprehension
issue was present in this case.
As to his conversation with Dr. Wu, during
his own testimony Appellant claimed that he felt "hopeless" and
"helpless" and that the only person with whom he had ever spoken about
his depression was his aunt. Appellant even admitted on cross-examination that
he had claimed that he had spoken to no other person than his aunt about his
depression. Later, the State asked a question and reminded Appellant of his
jailhouse conversation with Dr. Wu about his depression.
(3) This testimony was admissible to correct the false impression
Appellant was trying to leave regarding his never having spoken to any other
person regarding his depression. See Delk v. State, 855 S.W.2d 700, 704
(Tex. Crim. App.), cert. denied, 510 U.S. 982 (1993); Chatham v.
State, 889 S.W.2d 345, 350 (Tex. App.--Houston [14th Dist.]
1994, no pet.). Finally, the State sought to cross-examine Appellant with his
prior inconsistent statement to Dr. Wu to the effect that he did not feel
helpless or hopeless, which was a proper attempt to impeach Appellant's earlier
testimony that he had been harboring such feelings. See Tex. R. Evid.
613(a).
As to these alleged instances of
ineffective counsel, Appellant has not shown that he has an arguable claim on
appeal that he received ineffective assistance of counsel at the revocation
hearing. Further, our independent review of the record indicates that counsel
rendered effective assistance. Accordingly, we overrule Appellant's seventh
issue.
Last, Appellant claims the trial court
erred by assigning Dr. Wu to evaluate Appellant's mental state rather than the
"normal" doctor of psychiatry the trial court usually employed.
Appellant claims that Dr. Wu admitted that she was not qualified to make such a
determination, that Dr. Wu claimed the trial court uses its own independent
psychiatrist, and that Dr. Wu later prescribed antidepressant medication for
Appellant.
While the State asked Appellant some
cross-examination questions based on a report issued by Dr. Wu, Dr. Wu did not
testify during the proceedings. Accordingly, the record contains no evidence of
the statements Appellant attributes to Dr. Wu. We cannot reverse a conviction
based on speculation as to what Dr. Wu may have testified. See Green v.
State, 912 S.W.2d 189, 192 (Tex. Crim. App. 1995), cert. denied,
516 U.S. 1021 (1996). Accordingly, we overrule Appellant's eighth issue.
After independently reviewing the record,
we agree with counsel's determination that any appeal in this case would be
frivolous. Accordingly, we grant counsel's motion to withdraw on appeal,
overrule Appellant's issues, and affirm the trial court's judgment.
 
                                                       
   PER CURIAM
 
PANEL F: HOLMAN, J.; CAYCE, C.J.; and
WALKER, J.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: July 3, 2003

1. See Tex. R. App. P. 47.4.
2. Anders v. California, 386 U.S. 738, 87 S. Ct.
1396 (1967).
3. While the record is not clear, it appears that Dr. Wu
was the person who assessed Appellant at the trial court's direction after
Appellant's aunt testified about Appellant's alleged suicidal ideations.