**Mario Luis Gonzalez PADILLA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–85–00020–CR.**

Court of Appeals of Texas, El Paso.

Oct. 2, 1985.

See also, 697 S.W. 2d 525.

Scott Segall, El Paso, for appellant.

Steve Simmons, Dist. Atty., El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

This is an appeal from a revocation of probation. Appellant initially pled guilty to burglary of a vehicle. The court imposed a five-year sentence with "shock" probation. Appellant was returned to probation status from the T.D.C. on October 5, 1983. On December 6, 1983, the State moved to revoke probation due to a subsequent offense of public intoxication. In lieu of revocation, his probation was modified to include alcohol counselling and incarceration at the local Court Residential Treatment Center. On January 9, 1985, the State again moved to revoke based on yet another incident of public intoxication. After hearing evidence, the court revoked probation and sentenced Appellant to five years imprisonment. We reform and affirm.

In Ground of Error No. One, Appellant contends that the evidence was insufficient to support a finding that he was intoxicated to a point of presenting a danger to himself. El Paso Police Officer Karl testified that while on foot patrol he observed five individuals in an alley in downtown El Paso. As he and an accompanying Border Patrolman approached, Appellant and one of the others turned and walked away. The officers approached the two because they were staggering. Karl testified that it was his intention to assure that they were in safe physical condition. He testi-

fied that Appellant was extremely intoxicated and on the verge of falling down. His eyes were bloodshot, speech was slurred and a strong odor of alcohol could be detected on his person. Both were placed under arrest for public intoxication.

The State was only required to present evidence that Appellant posed a danger to himself. The danger need not be immediate and a specific, identifiable danger need not be apparent to the arresting officer. In this case, the testimony disclosed some evidence of two forms of danger, given a condition of staggering intoxication. Officer Karl testified that the alley was in a high crime area. An individual intoxicated to the extent described by Karl is not only vulnerable to criminal conduct at the hands of another, but the open nature of his condition may in fact encourage such conduct and earmark him as a target. Secondly, Appellant testified that he had just driven to the location in his automobile to inquire about a mechanic. The judge could reject his denial of intoxication and at the same time conclude that he would drive away from the scene in an intoxicated manner. This would pose an additional danger both to himself and others. The fact that Karl did not testify as to the vehicle and may not even have been aware of it is not determinative. In *Bentley v. State*, 535 S.W.2d 651 (Tex.Crim.App.1976), cited by Appellant, the defendant was arrested at a service station. He also was described as staggering drunk and on the verge of falling. The officers had asked him to come out of the office and from the testimony quoted in the opinion, were apparently unaware of his intent to depart by automobile. This was revealed through his own testimony, in the same manner as in this case. The Court of Criminal Appeals found no abuse of discretion in the trial court's decision to revoke on that basis. See also: *Balli v. State*, 530 S.W.2d 123 (Tex.Crim. App.1975). Ground of Error No. One is overruled.

In Ground of Error No. Two, Appellant contends he was not given sufficient credit for time served on his sentence.

Appellant was arrested on the public intoxication charge on October 18, 1984. Probation was revoked and he was sentenced to five years imprisonment on January 17, 1985. The sentence reflects that the five-year computation was to commence January 6, 1985. The two segments of questionable credit are: 1) the period spent in confinement awaiting the ultimate revocation hearing and 2) the period of shock incarceration in the T.D.C. following his initial plea of guilty. A defendant is entitled to the first category of jail credit. *Ex parte Spates*, 521 S.W.2d 265 (Tex.Crim. App.1975). The present sentence reflects eleven days of credit. The record does not disclose what period of time was spent in jail awaiting revocation. The record does not disclose whether Appellant remained in jail throughout the period between his arrest and the revocation hearing or whether he was at some point released upon bond. Consequently, we cannot discern any error in this aspect of the sentence credit granted by the judge.

With regard to the period of shock incarceration, we conclude otherwise. The State has presented no opposition to this claim, merely suggesting that if this Court concludes that credit is required, then the cause should be remanded for a trial court computation of the appropriate amount. In *Ex parte Eden*, 583 S.W.2d 632, 634 (Tex.Crim.App.1979), the Court of Criminal Appeals concluded that pretrial jail confinement cannot be credited toward a period of shock incarceration since a commitment order under Tex.Code Crim.Pro. Ann. art. 42.12 sec 3f(b) is not a sentence ordering execution of the judgment. However, in *Tamez v. State*, 620 S.W.2d 586, 588 n. 3 (Tex.Crim.App.1981) the Court of Criminal Appeals recognized the distinction between Sections 3e and 3f of the statute. In *Tamez*, the defendant was credited with his initial period of shock incarceration but only because the trial court had been without jurisdiction to return the defendant to probation from T.D.C. Consequently, the original sentence was reinstated, subsequent orders and sentences were vacated

and the original credit was granted. The case does not settle the present issue. In *McFarland v. State*, 622 S.W.2d 907 (Tex. App.—Fort Worth 1981, PDRR), the Court of Appeals overturned a sentence cumulation order where a completed shock incarceration amounted to time served on that conviction prior to judgment and sentence in the second conviction. A necessary extension of that analysis is that a defendant is entitled to time-served credit for shock incarceration. We see no reason to deny credit because of the intervening action of resentencing the Appellant to probation. Ground of Error No. Two is sustained.

 The record adequately reflects a creditable period of ninety-seven days, from July 1 through October 5, 1983. It is therefore unnecessary to remand for computation. *Tamez*, supra.

The judgment and sentence are reformed to reflect credit for an additional ninety-seven days of confinement. As reformed, the judgment and sentence are affirmed.

See also, 697 S.W.2d 522.