Gary Wayne HENDERSON, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 3–87–262–CR to 3–87–265–CR.

Court of Appeals of Texas,
Austin.

Sept. 28, 1988.

Rehearing Denied Oct. 19, 1988.

Doran Williams, Jr., Elgin, for appellant.

Charles Penick, Criminal Dist. Atty., John M. Hawkins, Asst. Criminal Dist. Atty., Bastrop, for appellee.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

PER CURIAM.

Appeal is taken from four orders revoking probation. Appellant was placed on shock probation following two convictions for sexual assault in cause numbers 6605 and 6608 and two convictions for indecency with a child in cause numbers 6606 and 6607. 1983 Tex.Gen.Laws, ch. 977, § 3, at 5312 [Tex.Pen.Code § 22.011, since amended] and 1981 Tex.Gen.Laws, ch. 202, § 3, at 472 [Tex.Pen.Code § 21.11, since amended], respectively. The trial court revoked probation in each cause after finding the State's allegation that appellant engaged in sexual contact with his step-daughter to be true. Appellant was sentenced to ten years' confinement in each cause.

The revocation of probation in these causes was based on appellant's report to law enforcement officials of his own conduct. Appellant gave a voluntary statement to the deputy county sheriff wherein he admitted engaging in sexual contact with his step-daughter. Appellant's statement was used at the hearing to revoke his probation. In point of error one, appellant contends the revocation of his probation violated Tex.Fam.Code Ann. § 34.03 (Supp. 1988), which grants immunity from liability to any person who reports his belief that a child is being abused or neglected.

In 1987, the 70th Legislature passed two amended versions of § 34.03: (1) House Bill 169 denied immunity to "persons who report their own conduct or who otherwise report in bad faith or malice." 1987 Tex. Gen.Laws, ch. 253, § 1, at 3095. (2) Senate Bill 298 expressly denied immunity only to persons who report "in bad faith or malice." 1987 Tex.Gen.Laws, ch. 1052, § 6.07, at 7179. Both amendments are currently contained in the Family Code as § 34.03 (Supp.1988). Appellant argues that the Senate amendment, which became effective after the House amendment, implicitly repealed the House amendment and that, under the Senate version, appellant gained immunity by reporting his own behavior.

 In construing acts passed at the same legislative session, the whole must be construed as one act and to make a latter provision repeal a former, there must be an express repeal or an irreconcilable repugnancy between them; only then will the latter act control. *Cain v. State*, 20 Tex. 355 (1857); *Shults v. State*, 696 S.W.2d 126 (Tex.App.1985, writ ref'd n.r.e.). The language of Senate Bill 298 contains no ex-

press repeal of House Bill 169. Furthermore, the inclusion of "persons who report their own conduct" in the category of persons denied immunity is not repugnant to the denial of immunity to persons who report "in bad faith or malice." House Bill 169 and Senate Bill 298, construed as one act, deny immunity both to persons reporting their own conduct and those reporting in bad faith. Therefore, appellant's report of his own conduct was not a basis for immunity under § 34.03. We overrule appellant's first point of error.

■ Appellant argues, in point of error two, that the condition of probation requiring him to attend counseling caused him to commit the sexual offense in question. This contention has no merit. Appellant's probation officer testified at the revocation hearing that the type of therapy appellant attended was not rebuilding his self-esteem and that appellant seemed to grow increasingly depressed; she observed that the counseling may have weakened appellant's marital relationship and that appellant then resumed his previous behavior toward his stepdaughter. At most, the probation officer questioned the kind of therapy appellant was receiving, not the condition that appellant undergo therapy. The probation officer clearly stated that appellant alone was responsible for the behavior that led to his probation revocation and she refused to sanction appellant's alleged belief that the therapist allowed him to lapse into his previous conduct. The testimony at the revocation hearing does not support appellant's assertion. We overrule the second point of error.

■ In point of error three, appellant argues that the orders revoking his probation in cause numbers 6605 and 6608 were void because the previous orders granting appellant shock probation were unauthorized. A conviction for aggravated sexual assault would have barred appellant from receiving shock probation. Tex.Code Cr.P. Ann. art. 42.12, § 3e(a) (Supp.1988). Contrary to appellant's assertion that he was so convicted, the judgment and sentence of the court in cause numbers 6605 and 6608 state that appellant was convicted of the lesser offense of sexual assault. A conviction for sexual assault does not preclude the trial court from granting shock probation. Even if the court had erroneously granted appellant shock probation, appellant may not complain of defects in the court's leniency after accepting the benefit of that leniency. *Trcka v. State,* 744 S.W. 2d 677 (Tex.App.1988, pet. filed). We overrule appellant's third point of error.

The trial court's orders revoking probation are affirmed.