

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

November 27, 1991

Honorable Allen Hightower
Chairman
Committee on Corrections
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM- 45B

Re: Whether the amendment to article 42.18 of the Code of Criminal Procedure regarding the mandatory time that inmates must serve prior to eligibility for parole is retroactive (RQ-65)

Dear Representative Hightower:

You ask a question about certain amendments to section 8(b) of article 42.18 of the Code of Criminal Procedure adopted by the 70th Legislature. Section 5 of House Bill 680 and section 7 of Senate Bill 341 of the 70th Legislature amended section 8(b) to reduce the time that certain prisoners had to serve before being eligible for parole. H.B. 680, Acts 1987, 70th Leg., ch. 384. § 5, at 1889; S.B. 341, Acts 1987, 70th Leg. ch. 1101, § 7, at 3754. You ask whether this change applies only to inmates convicted after the effective date of the amendment. We conclude that it does.

House Bill 680 does not limit the effect of its reduction of the time necessary to be served before parole eligibility with respect to the time of the commission of the crime for which the prisoner was sentenced.[1] Because its effect is not detrimental to the affected prisoners, application of this change in the law to prisoners convicted of crimes committed before its effective date would run afoul of neither the *ex post facto* doctrine nor the restriction against retroactive laws found in article I, section 16, of the Texas Constitution. U.S. Const., art. I, § 9, cl. 3; *id.* § 10,

---

[1]Section 5 of House Bill 680 also amended section 8(b) by adding sections 8(b)(2) through 8(b)(5). The changes made by the addition of these subsections were specifically made applicable only to prisoners convicted of offenses committed on or after the effective date of the act. Acts 1987, 70th Leg., ch. 384, § 8(a). However, sections 8(b)(2) through 8(b)(5) were subsequently repealed. Acts 1989, 71st Leg., ch. 785, § 5.01 at 3536.

cl. 1; *Weaver v. Graham*, 450 U.S. 24 (1981); *Mellinger v. City of Houston*, 3 S.W. 249 (Tex. 1887); *Turbeville v. Gowdy*, 272 S.W. 559 (Tex. Civ. App.--Fort Worth 1925, no writ). Therefore, considered alone, the change in the time necessary to be served before parole eligibility effected by section 5 of House Bill 680 would apply to prisoners without regard to the time the offense was committed. *See also* Schmolesky, *Time Changes: Growing Complexity in Texas Sentencing Law*, 30 S. TEX. L. REV. 283, 299-300 (1989) (ex post facto doctrine).

However, Senate Bill 341 includes section 18(b), which expressly limits the effect of the amendment to section 8(b) by section 7 of that bill to prisoners sentenced for an offense committed on or after the effective date of the act. In construing acts passed at the same legislative session, the courts will read them as one act. *Henderson v. State*, 758 S.W.2d 694 (Tex. App.--Austin 1988, no writ). For a later enacted provision to repeal a provision adopted earlier in the same session, there must be express repeal or an irreconcilable repugnancy between them. *Id.* House Bill 680 was adopted after Senate Bill 341,[2] but neither repeals nor conflicts with the earlier enacted act. In regard to the reduction of the time necessary to be served before parole eligibility, the later enacted act is silent as to its effect on prisoners sentenced for crimes committed before its effective date, and the earlier enacted act has an express provision making the change applicable only to prisoners sentenced for an offense committed after its effective date. Section 18(b) of Senate Bill 341 is the only express indication of the legislature's intent regarding the effect of the amendments on prisoners with respect to the time an offense was committed.[3] As we must harmonize the two bills, we conclude that the application of the change made by the 70th Legislature reducing the time prisoners must serve before becoming eligible for parole is limited as provided by section 18(b) of Senate Bill 341.

---

[2]Senate Bill 341 was finally adopted by the legislature on May 23, 1987. House Bill 680 was finally adopted on May 25, 1987.

[3]Both Senate Bill 341 and House Bill 680 became effective on September 1, 1987.

## SUMMARY

The effect of the 1987 amendments to article 42.18, section 8(b), of the Code of Criminal Procedure reducing the time prisoners must serve before becoming eligible for parole is limited to prisoners convicted of offenses committed on or after the effective date of the amendments.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by John Steiner
Assistant Attorney General