In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00143-CR
______________________________


JOSE ESCAMILLA, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 209th Judicial District Court
Harris County, Texas
Trial Court No. 1002027


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Jose Escamilla was arrested for public intoxication in the early morning of September 25,
2004. When officers searched Escamilla, pursuant to that arrest, they found in his pocket a small
plastic bag with cocaine. Escamilla eventually pled guilty, pursuant to a negotiated plea agreement,
to possession of a controlled substance, cocaine, in an amount less than one gram.


 Before entering
his plea, Escamilla moved the trial court to suppress the cocaine found in his pocket, on the ground
that the officers who arrested him lacked sufficient probable cause to arrest him for public
intoxication. The trial court denied Escamilla's motion to suppress, whereupon Escamilla entered
his plea of guilty.


 We affirm the trial court's judgment. 
            Escamilla's sole point of error on appeal claims the trial court erred in denying his motion
to suppress. According to Escamilla, the arresting officers lacked sufficient probable cause to arrest
him; his arrest was therefore illegal, and the cocaine found in his pocket was thus inadmissible. We
disagree. 
            We review the trial court's decision on a motion to suppress evidence by applying a
bifurcated standard of review, deferring to the trial court's determination of historical facts that
depend on credibility, but reviewing de novo the trial court's application of the law. Burke v. State,
27 S.W.3d 651, 654 (Tex. App.—Waco 2000, pet. ref'd). A trial court's ruling on a motion to
suppress is within the sound discretion of the trial court. In such a hearing, the trial court is the sole
judge of the credibility of the witnesses and the weight to be given their testimony. Villarreal v.
State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). Where, as here, the trial court does not make
explicit findings of historical facts, we review the evidence in the light most favorable to the trial
court's ruling. Walter v. State, 28 S.W.3d 538, 540 (Tex. Crim. App. 2000). 
            Around 4:00 a.m., September 25, 2004, Houston


 police conducted an investigation of the
El Capricho nightclub. The club was known to law enforcement officers as "one of the most prolific
brothels . . . in Houston." El Capricho was described by local officers as "kind of a rough place" and
a "very rough environment." Officer David Mendieta testified Escamilla was initially leaning against
the bar, being "very loud, demonstrative, waiving [sic] his arms," and was very unsteady on his feet. 
Mendieta said Escamilla smelled strongly of alcohol and, in Mendieta's opinion, was "highly
intoxicated." Mendieta instructed his partner, Officer Grace Das, to place Escamilla under arrest. 
When Das moved Escamilla to another area of the bar, she found him to be "inordinately
unbalanced" and said he smelled of alcohol and urine. She told him to place both hands on a
retaining wall for support, as Das did not think Escamilla could otherwise stand up; Das described
Escamilla as "grossly intoxicated." When Escamilla was told to sit down, another individual had to
support him. Escamilla was unable to answer questions or walk unassisted. All three officers who
testified at the suppression hearing said, in their opinions, Escamilla was intoxicated to the point he
represented a danger to himself or others. 
            Evidence seized incident to arrest is admissible if sufficient probable cause existed to justify
the arrest. See McGee v. State, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003). An officer may make
a warrantless arrest for any offense that is committed in the officer's view or presence. See Tex.
Code Crim. Proc. Ann. art. 14.01(b) (Vernon 2005); see also Harris v. State, 913 S.W.2d 706, 708
(Tex. App.—Texarkana 1995, no pet.). However, the total facts and circumstances within the
officer's knowledge at the time of arrest must be sufficient to justify a prudent person in believing
that the arrested person has committed or is committing an offense. See Chilman v. State, 22 S.W.3d
50, 56 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).
            A person commits the offense of public intoxication if the person appears in a public place
while intoxicated to the degree that person may endanger himself or herself or another. Tex. Pen.
Code Ann. § 49.02(a) (Vernon 2003); Simpson v. State, 886 S.W.2d 449, 454 (Tex. App.—Houston
[14th Dist.] 1994, pet. ref'd). The danger need not be immediate; potential danger to oneself or
others suffices to show endangerment. Dickey v. State, 552 S.W.2d 467, 468 (Tex. Crim. App.
1977); see also Balli v. State, 530 S.W.2d 123 (Tex. Crim. App. 1975), overruled in part on other
grounds by Chudleigh v. State, 540 S.W.2d 314 (Tex. Crim. App. 1976). Under Texas law, any area
to which the public, or a substantial group of the public, has access, is a public place. See Tex. Pen.
Code Ann. § 1.07(a)(40) (Vernon Supp. 2005); Loera v. State, 14 S.W.3d 464, 467 (Tex.
App.—Dallas 2000, no pet.). When reviewing an arrest for public intoxication, an appellate court
must decide whether the arresting officer had probable cause to arrest; we must determine "whether
the officer's knowledge at the time and under the circumstances would warrant a prudent person's
belief that appellant had committed or was committing the offense." Banda v. State, 890 S.W.2d 42,
52 (Tex. Crim. App. 1994). 
            There was extensive evidence Escamilla was extremely intoxicated when the officers
encountered him at the nightclub. Escamilla contends, however, there was insufficient evidence that
he was intoxicated to the point he could have endangered himself or others. As cited above, Texas
caselaw does not require the potential for danger to be immediate or imminent: a potential danger
is sufficient. Dickey, 552 S.W.2d at 468. For example, some courts have held that a person found
intoxicated in an automobile was a potential danger because the person could, intoxicated, drive the
vehicle. Peddicord v. State, 942 S.W.2d 100, 109–10 (Tex. App.—Amarillo 1997, no pet.); Warden
v. State, 895 S.W.2d 752, 755 (Tex. App.—Texarkana 1994, pet. ref'd). In Padilla v. State, Padilla
was seen staggering down an alley in what the arresting officer described as a high crime area. 697
S.W.2d 522, 523–24 (Tex. App.—El Paso 1985, no pet.). Padilla was described as very intoxicated,
with slurred speech, a strong odor of alcohol, and was on the "verge of falling down." Id. The
reviewing court found this a sufficient basis for Padilla's arrest for public intoxication.


 In Bentley
v. State, where the appellant was found staggering, with very slurred speech, unable to stand by
himself, his arrest for public intoxication was justified. 535 S.W.2d 651 (Tex. Crim. App. 1976). 
The court there also noted that Bentley testified that, immediately before his arrest, he called his
father seeking snow chains to put on his tires, and the trial court referred to this in concluding
Bentley represented a danger to others. Id. at 653. We do note that the trial court explicitly
considered the fact that Bentley had stated his intention to drive a motor vehicle when finding him
to be intoxicated to the degree he might be a danger to someone else. Id.
            Here, there was ample evidence of Escamilla's intoxication. Also admitted was evidence that
he was intoxicated to the degree he may have been a danger to himself or others, as prohibited by
Section 49.02. Officer Mendieta stated the following as his rationale for that opinion, "My
experience is people in his state of intoxication in my opinion were a danger to themselves by either
leaving the premises in an automobile and causing an accident, or hurting themselves in that manner,
or being at 4:00 in the morning in that type of establishment, being looked upon as a possible
victim." Officer J. A. Halliday testified that "[s]ince [Escamilla] was having trouble walking, he
might have fallen or injured himself. His demeanor, he was loud and belligerent and he might have
started a fight or become involved in a fight within that cantina or bar." Halliday went on to describe
the El Capricho as a "very rough environment." Officer Das, who ultimately arrested Escamilla, had
to support him as they crossed the room; Das said that she was holding Escamilla up so he would
not fall to the ground and that she had to have him place his hands on a retaining wall to stand up. 
            Viewing all of this evidence, in the aggregate, in the light most favorable to the trial court's
ruling, we find sufficient evidence existed to support Escamilla's arrest. The evidence shows that
he was very intoxicated. The combination of his extreme intoxication in a harsh environment where
he was acting in a loud and boisterous manner allowed a reasonable peace officer to conclude he may
be a danger to himself or others (by falling, engaging in a fight, being victimized). The statute
requires proof that the defendant was intoxicated to the degree that he or she may endanger himself
or herself or another. Establishing such requisite requires a factual determination on a case-by-case
basis.
            We cannot say the trial court abused its discretion in overruling the motion to suppress. 
Accordingly, we affirm the trial court's judgment. 



                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          March 28, 2006
Date Decided:             April 7, 2006

Do Not Publish