Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-09-00779-CR

Erika R. **MIRANDA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-5785
Honorable Ron Rangel, Judge Presiding

Opinion by:   Sandee Bryan Marion, Justice

Sitting:      Catherine Stone, Chief Justice
             Sandee Bryan Marion, Justice
             Steven C. Hilbig, Justice

Delivered and Filed:  October 13, 2010

AFFIRMED

Appellant, Erika R. Miranda, pleaded *nolo contendere* to possession of a controlled substance, cocaine, in an amount less than one gram and was assessed three years deferred adjudication and a $2000 fine.  We affirm.

## BACKGROUND

At around 2:00 a.m. on January 21, 2008, San Antonio Police Officer Brian Patten observed two women, appellant and her friend, walking down a sidewalk at a major intersection

in an area of San Antonio known for narcotics and prostitution. Officer Patten testified that because appellant appeared to be intoxicated, was staggering and swaying as she walked, and needed to be held upright by her friend, who also appeared intoxicated, he approached the two women to investigate. Upon approaching the women, Officer Patten found appellant was slurring her speech, unsteady on her feet, and smelling of intoxicants.

Officer Patten asked the women if they had anything illegal on them, and appellant handed him a small bag of marijuana from her pocket. He then asked appellant for her I.D., and she handed him her wallet. When Officer Patten opened appellant's wallet, he found a small bag of cocaine located behind her I.D. At that point, Officer Patten placed appellant under arrest for possession of cocaine, possession of marijuana, and public intoxication.

## DISCUSSION

Appellant argues the trial judge erred in denying her motion to suppress the marijuana and cocaine because Officer Patten did not have reasonable suspicion to detain her. In reviewing the trial court's ruling on a motion to suppress evidence, we view the evidence in the light most favorable to the trial court's ruling. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). Where, as here, the trial court makes no explicit findings of fact and neither party requests them, we will imply the necessary findings of fact to support the trial court's ruling and review the ruling *de novo*. *Id.* at 819.

A police officer is generally justified in briefly detaining a person suspected of possible criminal behavior without a warrant if the officer can "point to specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000) (citing *Terry v. Ohio*, 392 U.S. 1, 21 (1968)). These facts and inferences must rise to the level of reasonable

suspicion in order to justify the temporary detention. *Davis v. State*, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). "Reasonable suspicion" requires "that there is something out of the ordinary occurring and some indication that the unusual activity is related to crime." *Id.* (citations omitted).

Texas Penal Code section 49.02 provides: "A person commits an offense if the person appears in a public place while intoxicated to the degree that the person may endanger the person or another." TEX. PENAL CODE ANN. § 49.02(a) (West 2003). The essential element of this provision is that the person must be so intoxicated that she *may* endanger herself or someone else. *White v. State*, 714 S.W.2d 78, 79 (Tex. App.—San Antonio 1986, no writ) (citing *Dickey v. State*, 552 S.W.2d 467, 468 (Tex. Crim. App. 1977)). Thus, proof that the person's intoxication has placed herself or someone else in potential danger is sufficient to establish the essential element. *Id.* (citations omitted); *Padilla v. State*, 697 S.W.2d 522, 524 (Tex. App.—El Paso 1985, no writ) ("The danger need not be immediate and a specific, identifiable danger need not be apparent to the arresting officer.").

In cases involving public intoxication, Texas courts have found reasonable suspicion existed where a person exhibits a combination of slurred speech, inability to walk or stand without swaying or stumbling, and/or an odor of intoxicants. *Balli v. State*, 530 S.W.2d 123, 125 (Tex. Crim. App. 1975), *overruled on other grounds by Chudleigh v. State*, 540 S.W.2d 314 (Tex. Crim. App. 1976); *Padilla*, 697 S.W.2d at 524. If the person is found in or near a public roadway where it is reasonable to assume vehicles will travel, regardless of whether or not vehicles are actually present at the time, courts have found sufficient evidence to support reasonable suspicion that the person is potentially in danger. *Balli*, 530 S.W.2d at 125; *White*, 714 S.W.2d at 79. The fact that a person is found in an area known for crime, while not alone

sufficient to support reasonable suspicion, may also become an important factor when considering the totality of the circumstances. *Guzman v. State*, 955 S.W.2d 85, 90 (Tex. Crim. App. 1997). Also, a person who is accompanied by companions who also appear intoxicated may still be at risk of danger. *Id.*; *Padilla*, 697 S.W.2d at 524.

Here, Officer Patten observed appellant staggering and swaying as she walked down a sidewalk at a major intersection in San Antonio. Although appellant was accompanied by her friend, the friend also appeared to be intoxicated and was helping appellant stumble down the sidewalk at 2:00 a.m. in an area known for drugs and prostitution. Upon approaching the two, Officer Patten noticed appellant was slurring her speech and smelled strongly of intoxicants. Given these facts, Officer Patten had sufficient evidence before him to support his reasonable suspicion that appellant's intoxication may place her or others in danger at the time. Therefore, Officer Patten's brief investigatory detention of appellant was proper, and the trial court did not err by overruling appellant's motion to suppress the evidence obtained during that detention.

## CONCLUSION

We overrule appellant's only issue on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

DO NOT PUBLISH