**MODIFY and AFFIRM; and Opinion Filed December 11, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-00947-CR

No. 05-11-00948-CR

**LAWRENCE REYNOLDS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F07-38808-M, F07-38809-M**

## OPINION

Before Justices Bridges, Fillmore, and Lewis
Opinion by Justice Lewis

Appellant Lawrence Reynolds appeals the revocation of his community supervision and imposition of a nine-year prison sentence. Reynolds also contends that he is entitled to additional back-time credit and that the trial court erroneously imposed a $300 fine in one of its judgments. We modify the trial court's judgments and, as modified, affirm them.

### Background

On July 13, 2007, appellant pleaded guilty to two counts of burglary of a habitation. Pursuant to a plea agreement, the trial court assessed fines in each case of $300, deferred adjudication of appellant's guilt, and placed him on community supervision for a period of seven years. Later that same year, the State moved to revoke his probation and to adjudicate guilt; appellant pleaded true to the State's allegations of probation violations. In judgments dated

October 29, 2007, the trial court adjudicated appellant's guilt and—according to the terms of a new plea agreement—sentenced him to ten years' imprisonment in each case. Immediately above the judge's signature on both judgments is the following notice:

<u>Furthermore, the following special findings or orders apply:</u>
DEFENDANT SENTENCE[D] TO SHOCK PROBATION FOR 180 DAYS.

Appellant was incarcerated until March 5, 2008. On that date, the trial court's docket sheet indicates appellant's sentence was suspended and he was placed on community supervision for a term of seven years. The State filed a motion to revoke this community supervision in February 2009, and appellant pleaded true to the alleged violations, but the trial court continued his probation. The State filed another motion to revoke on April 29, 2011, and again appellant pleaded true to the alleged violations. This time, the trial court did revoke appellant's community supervision. In judgments dated June 16, 2011, the court assessed his punishment at nine years' imprisonment in each of the two cases and a fine of $300 in cause number F-0738809-M.

**Revocation of Community Supervision**

In his first issue, appellant contends the trial court erred by revoking his community supervision because the record does not contain a judgment or order suspending the ten-year sentence of imprisonment that was imposed when his guilt was adjudicated in 2007, and placing him on community supervision. Appellant argues that article 42.01 of the code of criminal procedure requires such a judgment or order. According to appellant, because he was not properly placed on community supervision, the State could not effectively revoke him from community supervision. Our review of an order revoking community supervision is limited to abuse of the trial court's discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).

Appellant does not cite authority for his argument that a separate judgment or order must be signed to effectuate suspension of his sentence. The trial court's judgments of October 29, 2007, specifically placed appellant on shock probation in a "special order" that was part of both judgments. When a trial court grants shock probation, the defendant serves a portion of his sentence, and the trial court—by granting probation after this "shock"—suspends the further execution of the defendant's sentence. *See Amado v. State*, 983 S.W.2d 330, 331–32 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd).

Moreover, the record establishes that the trial court suspended appellant's sentence and placed him on probation on March 5, 2008. Docket notations on that date, in both cases, state appellant's sentence was suspended and he was placed on community supervision for seven years. In February 2009, the State initiated proceedings to revoke this probation; appellant participated in those proceedings and pleaded true to the alleged violations. Both the 2009 motion to revoke and the 2011 motion to revoke recite that appellant was legally placed on community supervision for a period of seven years on March 5, 2008. In the 2011 revocation proceeding, appellant signed a judicial confession stating he was placed on community supervision for seven years on March 5, 2008. And at the hearing on the State's 2011 motion to revoke, the following exchange took place:

> THE COURT: Mr. Reynolds, on July 13th, 2007, you entered into a plea of guilty for the two offenses of burglary of a habitation. You were placed on seven years deferred probation and assessed a fine in each case in the amount of $300.
>
> Do you recall that taking place?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Subsequent to that date on October 29th, you came before this Court on a motion to proceed. You were sentenced to ten years confinement in the Institutional Division of the Texas Department of Criminal Justice in each case and on March 5th, 2008, that sentence was suspended and you were placed on ten years confinement in the Institutional Division of the Texas Department of Criminal Justice, but you were given a seven-year probation in each case.

–3–

Do you recall that taking place?

THE DEFENDANT: Yes, sir, I do.

The trial court addressed the following remarks to appellant:

> Mr. Reynolds, back in October 2007 I sent you to the pen for ten years to give you an idea what it would be like if you were down there permanently. I brought you back on probation on March 2008 as we discussed earlier and gave you another probation. It was with my hopes when I did that, that you would finally wake up and see that this Court takes probation seriously as well.

We conclude all parties understood and acted on the understanding that appellant's sentence had been suspended and he had been placed on probation on March 5, 2008.

Appellant relies on cases that vacate the revocation of shock probation as well as the order placing the defendant on shock probation. *See, e.g., Tamez v. State*, 620 S.W.2d 586 (Tex. Crim. App. 1981); *Rice v. State*, 971 S.W.2d 533 (Tex. App.—Dallas 1997, no writ). In each of those cases, the trial court's attempt to place the defendant on shock probation was not timely. Because the trial court lacked jurisdiction to place the defendant on shock probation when it did, both orders—the placement order and the revocation order—were void. *See Tamez*, 620 S.W.2d at 587–88; *Rice*, 971 S.W.2d at 535–36. In this case, however, the trial court properly placed appellant on community service within 180 days of the date the execution of his sentence began. *See* TEX. CODE CRIM. PROC. ANN. Art. 42.12 § 6(a) (West Supp. 2013). Appellant is not entitled to have his community supervision orders vacated for lack of jurisdiction.

Finally, we conclude that even if the trial court did err in its method of placing appellant on shock probation, appellant is not now entitled to challenge the court's order as void. "Even if the court had erroneously granted appellant shock probation, appellant may not complain of defects in the court's leniency after accepting the benefit of that leniency." *Henderson v. State*, 758 S.W.2d 694, 696 (Tex. App.—Austin 1988, pet. dism'd); *see also Tamez*, 620 S.W.2d at 590.

We find no abuse of discretion in the trial court's revocation of appellant's community supervision. We overrule his first issue.

## Credit for Back Time

In his second issue, appellant contends the trial court did not credit all of the back time to which he was entitled. We have concluded the trial court did not err in revoking appellant's shock probation; thus, we reject appellant's request for back-time credit during that probation period, which he characterizes as "erroneous release." However, appellant contends alternatively that he was not given back-time credit for all of the "shock" time he served following adjudication of his guilt. The trial court's judgments award back time for the following periods of time:

04/12/2007 to 07/13/2007,

10/18/2007 to 10/30/2007,

02/19/2008 to 03/07/2008,

03/03/2009 to 04/09/2009, and

04/28/2011 to 06/16/2011.

The judgments adjudicating appellant's guilt indicate his sentence of ten years' confinement was imposed in each case on October 29, 2007. The record establishes appellant was brought to court and his sentence was suspended on March 5, 2008. We conclude appellant was entitled to back-time credit for this entire period of incarceration. *See Padilla v. State*, 697 S.W.2d 522, 524 (Tex. App.—El Paso 1985, no pet.).

Accordingly, we sustain appellant's second issue in part, and we modify the judgments in both cases to award back time for the following periods of time:

04/12/2007 to 07/13/2007,

10/18/2007 to 03/07/2008,

03/03/2009 to 04/09/2009, and

04/28/2011 to 06/16/2011.

## Imposition of Fine

In his third issue, appellant argues the trial court improperly imposed a fine when it revoked his community supervision in trial court cause number F07-38809-M. The State argues the imposition of that fine is correct and that an equivalent fine should have been imposed in cause number F07-38808-M.

In the trial court's Orders of Deferred Adjudication, it imposed a $300 fine in each case. In the Judgments Adjudicating Guilt, the trial court did not impose fines in either case: the adjudicating judgments state the terms of the plea bargain ("10 YEARS PENITENTIARY FINE $0.00") and the relevant portion of the sentence ("Fine: $N/A").[1] And when the trial court sentenced appellant during the revocation proceedings, it did not impose a fine in either case.

Article 42.12 speaks specifically to sentencing after revocation:

> If community supervision is revoked after a hearing under Section 21 of this article, the judge may proceed to dispose of the case as if there had been no community supervision, or if the judge determines that the best interests of society and the defendant would be served by a shorter term of confinement, reduce the term of confinement originally assessed to any term of confinement not less than the minimum prescribed for the offense of which the defendant was convicted.

TEX. CRIM. PROC. CODE ANN. art. 42.12, §23(a). Although this statute expressly permits changes to the length of a defendant's "term of confinement" from that originally assessed, it makes no provision for changes to the amount of any fine imposed in the original sentence. *See id.*

---

[1] We reject the State's argument that the boilerplate language ordering appellant "to pay all fines, court costs, and restitution as indicated above" refers to the recitation of a fine imposed at deferral, rather than to the recitation in that very judgment that no fine would be imposed upon adjudication of guilt.

Instead, the statute contemplates that to the extent any fine is involved, the trial court is to "dispose of the case as if there had been no community supervision." *Id.*; *see also Amado*, 983 S.W.2d at 332 ("It follows that revocation of shock probation simply reinstates the execution of the imposed sentence."). If there had been no community supervision in this case, the sentence imposed would have been ten years' confinement with no fine in either case. The trial court was authorized to reduce that term of confinement to nine years upon revocation, but it was not authorized to add a fine that was not part of the original sentence.

The State argues the fines pronounced in the trial court's orders deferring adjudication should be carried forward in this case. We disagree. "[W]hen an accused receives deferred adjudication, no sentence is imposed." *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). When the trial court subsequently adjudicates guilt, its order sets aside the order deferring adjudication and any fine imposed by the deferral order. *See id.*

We sustain appellant's third issue. We modify the trial court's June 16, 2011 Judgment Revoking Community Supervision in cause number F-0738809-M to delete the $300 fine imposed in that judgment.

<b>Conclusion</b>

As modified, we affirm the judgments of the trial court.

/David Lewis/
_____
DAVID LEWIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

110947F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LAWRENCE REYNOLDS, Appellant

No. 05-11-00947-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F07-38808-M.
Opinion delivered by Justice Lewis.
Justices Bridges and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Appellant Lawrence Reynolds is awarded back time for the following periods of time:
04/12/2007 to 07/13/2007,
10/18/2007 to 03/07/2008,
03/03/2009 to 04/09/2009, and
04/28/2011 to 06/16/2011.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 11th day of December, 2013.

/David Lewis/

DAVID LEWIS
JUSTICE

–8–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LAWRENCE REYNOLDS, Appellant

No. 05-11-00948-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F07-38809-M.
Opinion delivered by Justice Lewis.
Justices Bridges and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

    (1) Appellant Lawrence Reynolds is awarded back time for the following periods of time:

        04/12/2007 to 07/13/2007,
        10/18/2007 to 03/07/2008,
        03/03/2009 to 04/09/2009, and
        04/28/2011 to 06/16/2011.

    (2) The $300 fine imposed in this case is deleted.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 11th day of December, 2013.

/David Lewis/
DAVID LEWIS
JUSTICE

–9–